FOREST CITY ENTERPRISES, INC., APPELLANT, v. CITY OF EASTLAKE ET AL., APPELLEES.

(No. 73-901—Decided November 3, 1976.)

*Messrs. Thompson, Hine & Flory, Mr. William D. Ginn, Mr. Michael M. Hughes, Mr. Stephen L. Buescher* and *Mr. Duane P. Landreth,* for appellant.
*Mr. J. Melvin Andrews,* for appellees.

*Per Curiam.* This cause is presently before us again as a result of the filing of a brief by Forest City Enterprises, Inc., styled "Further Proceedings Upon Mandate From the United States Supreme Court," together with a motion addressed thereto by the city of Eastlake. There is no provision in the rules of this court for such filings and same are hereby dismissed.

The Supreme Court of the United States, on June 21, 1976, reversed the judgment of this court and remanded this cause for further proceedings not inconsistent with its opinion.

This court held in paragraph two of the syllabus of *Forest City Enterprises* v. *Eastlake* (1975), 41 Ohio St. 2d 187, as follows:

"A municipal charter provision, which requires that any ordinance changing land use be ratified by the voters in a city-wide election, constitutes an unlawful delegation of legislative power, in violation of the due process clause of the Fourteenth Amendment to the United States Constitution."

48

In the majority opinion of the United States Supreme Court in *Eastlake* v. *Forest City Enterprises* (1976), —— U. S. ——, 49 L. Ed. 2d 132, at page 137, Chief Justice Burger wrote:

"* * * A referendum cannot, however, be characterized as a delegation of power. Under our constitutional assumptions, all power derives from the people, who can delegate it to representative instruments which they create. See, *e. g.,* Federalist Papers, No. 39. In establishing legislative bodies, the people can reserve to themselves power to deal directly with matters which might otherwise be assigned to the legislature. *Hunter* v. *Erickson,* 395 U. S. 385, 392 * * * (1969)."

Continuing, at page 141, the majority opinion stated:

"As a basic instrument of democratic government, the referendum process does not, in itself, violate the Due Process Clause of the Fourteenth Amendment when applied to a rezoning ordinance. Since the rezoning decision in this case was properly reserved to the people of Eastlake under the Ohio Constitution, the Ohio Supreme Court erred in holding invalid, on federal constitutional grounds, the charter amendment permitting the voters to decide whether the zoned use of respondent's property could be altered."

Accordingly, paragraph two of the syllabus in our case, *Forest City Enterprises* v. *Eastlake, supra* (41 Ohio St. 2d 187), must be overruled since we perceive no state due-process constitutional questions which, under this record, we would choose to decide in a manner other than that mandated by the opinion on remand.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.