THE STATE, EX REL. WILLIAMS, DIRECTOR, *v.* BOZARTH, JUDGE.

[Cite as State, ex rel. Williams, v. Bozarth (1978),
55 Ohio St. 2d 34.]

(No. 77-1385—Decided July 5, 1978.)

*Mr. William J. Brown,* attorney general, *Mr. E. Dennis Muchnicki* and *Mr. Larry J. Baisden,* for relator.

*Mr. Thomas R. Spellerberg,* prosecuting attorney, and *Ms. Elaine J. Knutson,* for respondent.

*Per Curiam.* Respondent judge asserts basically that a declaratory judgment proceeding is the only method by which the applicant can test the Director's regulations without jeopardy of a fine and that R. C. Chapter 3745 did not oust common pleas courts of their jurisdiction in a declaratory judgment proceeding in this area.

These assertions ignore the administrative scheme of R. C. Chapter 3745 which gives the applicant adequate access to judicial review. Due process and equal protection are afforded the applicant under this scheme.

R. C. 3745.04 provides that:

"Any person who was a party to a proceeding before the director may participate in an appeal to the environmental board of review for an order vacating or modifying the action of the director of environmental protection or local board of health, or ordering the director or board of health to perform an act. *The environmental board of review has exclusive original jurisdiction over any matter which may, under this section, be brought before it.*" (Emphasis added.)

R. C. 3745.06, then provides, that if one has not received satisfaction before the Environmental Board of Review he "* * * may appeal to the court of appeals of Franklin county, or, if the appeal arises from an alleged violation of a law or regulation, to the court of appeals of the district in which the violation was alleged to have occurred."

The exclusivity of this statutory process has been recognized and upheld by his court. In *Cincinnati, ex rel.*

*Crotty,* v. *Cincinnati* (1977), 50 Ohio St. 2d 27, at page 30, it was stated:

"* * * under R. C. 3745.04, an appeal 'for an order vacating or modifying the action of the Director of Environmental Protection' may be brought before the Environmental Board of Review and 'the Environmental Board of Review has exclusive original jurisdiction over any matter which may, under * * * [R. C. 3745.04], be brought before it.' Appeal thereafter may be taken only 'to the Court of Appeals of Franklin County, or, if the appeal arises from the alleged violation of a law or regulation, to the Court of Appeals of the district in which the violation was alleged to have occurred.' R. C. 3745.06.

"It is apparent that this statutory scheme for review of actions by the Director of Environmental Protection is exclusive, and that the Court of Common Pleas of Hamilton County accordingly lacked jurisdiction over the complaint at bar, which seeks to have an order issued by the director set aside." See, also, *State, ex rel. Brown, v. Rockside* (1976), 47 Ohio St. 2d 76.

Respondent stresses *Herrick* v. *Kosydar* (1975), 44 Ohio St. 2d 128, as standing for the proposition that declaratory judgment is an alternative to a special statutory scheme. However, the statutory scheme (of state income taxation) in *Herrick* does not impress the Board of Tax Appeals with "exclusive original jurisdiction."

In view of the clear legislative intent and this court's decision in *Crotty, supra,* the requested writ will be allowed.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.