352

WARREN MOLDED PLASTICS, INC., APPELLEE, *v.* WILLIAMS, DIRECTOR, APPELLANT.

(No. 78-422—Decided December 7, 1978.)

*Messrs. Lane, Alton & Horst, Mr. John W. Edwards, Messrs. Fitch & Kendall* and *Mr. Alfred L. Fitch,* for appellee.

*Mr. William J. Brown,* attorney general, *Mr. Robert E. Olwell* and *Mr. E. Dennis Muchnicki,* for appellant.

*Per Curiam.* The essence of the appellant's argument is that the trial court was correct in holding that it lacked subject-matter jurisdiction, in this instance, because of the exclusive jurisdiction of the tribunals contained in the statutory scheme of R. C. Chapter 3745. While this cause was pending before this court, the Director ruled that appellee was not in violation of Rule 3745-15-07, Ohio Adm. Code.* The effect of that decision has made the current appeal moot as far as this appellant is concerned.

However, because of the public interest involved and the obvious conflict between the decision of the Court of Appeals and this court's holding in *State, ex rel. Williams,* v. *Bozarth* (1978), 55 Ohio St. 2d 34, a reversal is mandated.

The factual circumstances surrounding the current appeal and those present in *Bozarth, supra,* are virtually identical. In that case, the Hays-Albion Corporation filed an action in the Court of Common Pleas against the Director seeking declaratory and injunctive relief regarding the application of two regulations to its facilities. The Director subsequently filed an action to prohibit the trial judge from proceeding in the cause.

In *Bozarth* it was argued that R. C. Chapter 3745 did not oust a common pleas court of its jurisdiction in a declaratory judgment concerning the validity of the Director's regulations. Disposing of that argument, this court held, at page 36, that the "exclusivity" of the "statutory process" outlined in R. C. 3745.04 and 3745.06 provided the company with "adequate access to judicial review" and

---

*On August 24, 1978, in case No. 76-AC-112, the Director adopted the findings of fact and conclusions of law of a hearing examiner concluding that appellee was not in violation of the regulation.

354

therefore "[d]ue process and equal protection are afforded the applicant under this scheme."

In view of that holding, the judgment of the Court of Appeals must be reversed.

*Judgment reversed.*

LEACH, C. J., CELEBREZZE, W. BROWN, POTTER, SWEENEY and LOCHER, JJ., concur.

HERBERT, J., concurs in the judgment.

POTTER, J., of the Sixth Appellate District, sitting for P. BROWN J.