GENERAL MOTORS CORPORATION, APPELLANT, *v.*
McAVOY, DIRECTOR, OHIO ENVIRONMENTAL
PROTECTION AGENCY, APPELLEE.

[Cite as General Motors v. McAvoy (1980),
63 Ohio St. 2d 232.]

(No. 79-1447—Decided July 23, 1980.)

*Messrs. Fuller, Henry, Hodge & Snyder, Mr. Louis E. Tosi, Mr. John P. Murtagh* and *Mr. William L. Patberg,* for appellant.

*Mr. William J. Brown,* attorney general, and *Ms. Margaret A. Malone,* for appellee.

PAUL W. BROWN, J.   The primary issue in the instant cause is whether the Director of Environmental Protection was under a statutory duty to provide an opportunity for an adjudication hearing prior to a denial of the permit sought by appellant. We hold that there is such a statutory duty imposed by R. C. Chapter 119.

It is undisputed that an order by the Director of Environmental Protection denying permits to operate is an adjudication order within the meaning of R. C. 119.01(D).[1] The validity of such orders is governed in part by R. C. 119.06, which provides that:

"No adjudication order shall be valid unless an opportunity for a hearing is afforded in accordance with sections 119.01 to

---

[1] " 'Adjudication' means the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits or legal relationships of a specified person***." R. C. 119.01(D).

Additionally, the licensing activities of the Ohio EPA are expressly made subject to the requirements of R. C. Chapter 119 by R. C. 3704.04.

119.13 of the Revised Code. Such opportunity for a hearing shall be *given before making the adjudication order* except in those situations where this section provides otherwise." (Emphasis added.)

Therefore, an opportunity for a prior hearing is required unless one of the enumerated exemptions to the statute is applicable, or other statutory provisions render R. C. 119.06 inapplicable.

The preadjudication hearing requirement has three specific exceptions, only one of which is raised in this appeal. R. C. 119.06 provides:

"The following adjudication orders shall be effective without a hearing:

"* * *

"(C) Orders or decisions of *an authority within an agency* if the rules of the agency or the statutes pertaining to such agency specifically give a right of appeal *to a higher authority within such agency or to another agency* and also give the appellant a right to a hearing on such appeal." (Emphasis added.)

The Court of Appeals predicated its decision upon this exemption, holding that no prior hearing was necessary.

An analysis of this provision reveals a two-prong test before an adjudicative order is effective without a hearing. First, the order or decision must be from "an authority within an agency." Second, there must be a right of appeal "to a higher authority within such agency or to another agency." Both criteria must be met for this exemption to apply.

In the instant cause, however, neither criterion is met. Here the contested order came from the Director, the ultimate authority of the EPA. R. C. Chapter 3704 does not provide for a multi-level decisional process within the agency; instead, a one-step decision is to be made in this situation. The Director is in charge of licensing air pollution sources; he is the embodiment of the agency in this regard. What is involved is not an intra-agency decision, nor can the order be characterized as being from an "authority within an agency" as contemplated by R. C. 119.06(C). The order was not within the EPA but was the ultimate order of the EPA.

The second element of R. C. 119.06(C) is also not satisfied. There is a right to appeal in this situation to the EBR under

R. C. 3745.05, but this appeal does not constitute an "appeal to a higher authority within such agency or to another agency." It is not argued that the EBR is a part of the EPA, since the former is clearly an entirely separate body both in responsibility and operation. An issue is raised, however, as to whether the EBR constitutes "another agency" for the purposes of R. C. 119.06(C).

Appellant contends, and the EBR itself held, that the EBR was not an "agency" within the terms of that statute. We agree with this reading in the limited context of this cause. The term "agency" is defined in R. C. 119.01(A) as an entity which is specifically subjected to the requirements of R. C. Chapter 119 (either by being named in R. C. 119.01[A] or by the entity's own enabling legislation) or as an entity that has the authority to issue, suspend, remove or cancel licenses. The EBR is not specifically subjected to the requirements of R. C. Chapter 119 nor does it possess the above quoted licensing functions. The EBR is a reviewing body in regard to licensing. Pursuant to R. C. 3745.05 it may only determine whether the Director of Environmental Protection has acted lawfully or reasonably in licensing. Any action taken concerning licenses is that of the Director whether he initiates the action or it is taken pursuant to an order of the EBR or a court. See *Ontario* v. *Whitman* (1973), 47 Ohio App. 2d 81.

We, therefore, conclude that since none of the exemptions to R. C. 119.06 apply, appellant is entitled to an opportunity for a prior hearing under the provisions of that statute. This does not end our inquiry, however, because it is claimed that R. C. 119.06 is abrogated by the more specific provisions of two later legislative enactments, R. C. 3745.05 and 3745.07.

We first note that under established rules of statutory construction, that the repeal of rights granted by one statute does not occur, unless the intent to supersede the operation of that statute is clear from enactment of another provision, or there is no reasonable way to read the statutes in a conciliatory fashion. *Lucas County Commrs.* v. *Toledo* (1971), 28 Ohio St. 2d 214, 217; *State* v. *Frost* (1979), 57 Ohio St. 2d 121; R. C. 1.51. This court will attempt to construe statutes harmoniously whenever possible. *Couts* v. *Rose* (1950), 152 Ohio St. 458, 461.

Applying these rules in the instant cause we conclude that the hearing rights guaranteed under R. C. 119.06 are not abrogated by the above cited provisions contained within R. C. Chapter 3745. It must be conceded that the legislative scheme is not entirely consistent concerning this matter, indicating the failure of the General Assembly to consider all the implications in delineating the responsibilities and authority of both the EPA and the EBR. However, by adopting a statutory analysis urged by appellant, we are able to read the provisions in a consistent, meaningful manner so as to give effect to all statutory provisions raised before us concerning this matter.

We first address R. C. 3745.05. That statute governing hearings before the EBR provides in part that, "[i]f no adjudication hearing was conducted in accordance with sections 119.09 and 119.10 of the Revised Code, the board shall conduct a hearing de novo on the appeal." This statutory provision authorizing a *de novo* hearing in no way defines the rights of applicants to hearings before the Director of Environmental Protection. It does not authorize the Director to issue adjudication orders without the opportunity for a prior hearing, but instead merely recognizes that some appeals might come before the EBR without a previous hearing.

Pursuant to R. C. 119.06, only an *opportunity* for a hearing is granted; if none is requested, it may be necessary for the EBR to conduct an initial hearing upon an appeal by a nonapplicant.

An appeal to the EBR necessitating a *de novo* hearing may be filed by someone other than the applicant. See R. C. 3745.07, discussed, *infra*. Other situations including orders issued pursuant to the declaration of an air pollution emergency under R. C. 3704.032, may lead to the Director of Environmental Protection taking action without a prior hearing and, thus, give rise to a *de novo* hearing before the EBR.

R. C. 3745.05 does not abrogate the opportunity for a prior hearing given by R. C. 119.06. To the contrary, it provides extensively for appeals where a hearing was held before the Director and sets a standard of review of reasonableness and lawfulness.[2] The fact it also deals with situations where no

---

[2] The concept of a *de novo* hearing is totally inconsistent with the standard of review of lawfulness and reasonableness imposed upon the EBR by R. C. 3745.05. An

prior hearing has occurred does not mean that the hearings required by R. C. 119.06 need not be held.

The second statutory provision raised as precluding a preadjudication hearing is R. C. 3745.07. That statute provides, in pertinent part:

"Before issuing, denying, modifying, revoking, or renewing any permit, license, or variance pursuant to Chapter 3704, 3734, or 6111 of the Revised Code, the director of environmental protection *may issue a proposed action to the applicant* that indicates the director's intent with regard to the issuance, denial, modification, revocation, or renewal of the permit, license, or variance.\* \* \*

"\* \* \*

"If the director issues, denies, modifies, revokes, or renews a permit, license, or variance *without issuing a proposed action,* an officer of an agency of the state or of a political subdivision, acting in a representative capacity, or any person who would be aggrieved or adversely affected thereby, may appeal to the environmental board of review, within thirty days of the issuance, denial, modification, revocation, or renewal." (Emphasis added.)

It is argued that the provisions of this statute give the Director authority, in a situation such as presented by the instant cause, to issue a denial of a permit or license as a proposed action or as a final action. R. C. 3745.07, however, does not go that far. Nothing in the statute grants the Director the authority to deny licenses or permits without giving the applicant an opportunity to request a hearing; instead, the provision again merely recognizes that some licensing actions (including approvals) may be finalized without a prior hearing. Additionally, in some cases the applicant may choose not to take advantage of the opportunity for a hearing guaranteed by R. C. 119.06 and, thus, a denial could be finalized without the holding of a formal hearing.

initial hearing at some point is necessary because this court has noted that an appeal alone in this type of situation is not sufficient. In *Union Camp Corp.* v. *Whitman* (1978), 54 Ohio St. 2d 159 at page 162, it was stated that:

"The right to a hearing generally is a basic right, and, where it is withheld that right is clearly and substantially affected. Nor is that right any less affected as urged by the director because of the existence of an adequate appellate remedy at the close of the administrative proceeding."

The last paragraph of R. C. 3745.07, quoted above, was enacted as an amendment to the statute and was intended to provide an opportunity for all interested parties to be heard.[3] Under R. C. 3745.04 the right to appeal to the EBR is limited to "[a]ny person who was a party to a proceeding before the director." R. C. 3745.07, however, allows an appeal by indirectly affected parties, such as governmental representatives, and public interest and environmental groups. Where an application is to be approved[4] or where it is totally inadequate in form or substance, it may be unnecessary to offer the applicant an opportunity for a hearing. In such situations interested non-parties can participate in the decision-making process through the mechanism of R. C. 3745.07.

In sum, R. C. 3745.07 deals primarily with a distinct group of persons from those governed by R. C. 119.06. The latter statute protects the rights of applicants for licenses and permits, while the former does not primarily deal with the regulated parties but seeks to protect other indirectly affected parties.

Thus, we conclude that neither R. C. 3745.05 nor 3745.07 abrogates the opportunity for a prior hearing guaranteed by R. C. 119.06. Unless a contradictory statutory provision is involved, the Director of Environmental Protection must issue his actions in conformance with the requirements of R. C. 119.06 wherever possible and practical.

Requiring an opportunity for a hearing prior to the issuance of a final action by the Director is not wasteful from a policy standpoint. It allows the record to be established and issues to be litigated at an earlier and presumably less expensive stage. It also allows the issues concerning the application to be raised where the full technical expertise of the EPA may be focused upon them. Once the record is established before the Director, meaningful review under the EBR's statutory

---

[3] Amended Substitute Senate Bill No. 288, 110th General Assembly, effective September 30, 1974.

[4] The hearing requirement of R. C. 119.06 would not necessarily attach where a permit or license is granted to an applicant because no "adjudication" as that term is defined in R. C. 119.01(D), takes place when no question is raised with respect to the application.

standard of review of lawfulness and reasonableness may be made.

The result we have reached will also prevent the recurrence of the inequitable circumstances of the instant cause. Here the appellant cooperated with the agency at every step of the administrative process, yet suddenly found itself in noncompliance with the regulatory scheme and subject to possible sanctions, without a hearing on the matter. The Director will no longer be able to take a final action in a situation such as this, and thereafter justify that action at a later point in time.[5]

Accordingly, the judgment of the Court of Appeals is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

CELEBREZZE, C. J., HERBERT, BELL, SWEENEY and LOCHER, JJ., concur.

HOLMES, J., dissents.

BELL, J., of the Ninth Appellate District, sitting for W. BROWN, J.

HOLMES, J., dissenting. I must respectfully dissent in that the majority herein is engaging in redrafting R. C. Chapter 3745 of the Ohio laws relating to the conduct of the affairs of the Environmental Protection Agency and the Environmental Board of Review. This entails legislation by judicial action. Although, admittedly, such a course is inviting in many respects relative to this chapter of law, I shall refrain from indulging therein.

The Tenth District Court of Appeals has on many occasions spoken on the subject of the appellate jurisdiction of the EBR, and its duty to hold a hearing *de novo* in the event that an adjudicatory hearing is not conducted by the director of the EPA. This writer dwelled on the subject rather at length in the case of *Cincinnati Gas & Electric Co.* v. *Whitman* (November 19, 1974, No. 74AP-151), unreported. In *Cincinnati Gas &*

---

[5] Due to our resolution of this matter it is unnecessary for the court to pass upon appellant's other propositions of law.

*Electric* the court held that where an adjudicatory hearing has not been held by the Director of Environmental Protection, the EBR must hold a hearing *de novo,* and that the EBR has no authority under the law to remand the matter back to the director for such an adjudicatory hearing.

The same pronouncement was made by the Tenth District Court of Appeals in *Citizens Committee to Preserve Lake Logan* v. *Williams* (December 27, 1977, No. 77AP-504), unreported, Judges Holmes, Whiteside and McCormac concurring.

Again, the issue was addressed by the Tenth District Court of Appeals in *Kripke-Tuschman Industries* v. *Williams* (July 31, 1979, 78AP-865), unreported, wherein Judge Whiteside stated:

"It makes no difference whether or not the Director was required to conduct an adjudication hearing. If he does not do so upon an appeal from his order, the Environmental Board of Review is required to conduct a hearing *de novo* and is not authorized to remand the cause to the Director for the purpose of conducting such hearing."

Judge Whiteside also addressed the issue of whether R. C. 119.06 would require the director to conduct an adjudicatory hearing and concluded as follows:

"***This court does not disagree with the philosophy expressed by the Board and by Kripke-Tuschman that the Director should afford an applicant for a permit adequate opportunity to present all pertinent evidence in support of granting the permit and that that purpose may in many instances be best achieved by an adjudication hearing. We must disagree with the conclusion that R. C. 119.06 requires the Director to conduct an adjudication hearing under the circumstances of this case. R. C. 119.06 provides in pertinent part, as follows:

" 'No adjudication order shall be valid unless an opportunity for a hearing is afforded in accordance with sections 119.01 to 119.13, inclusive, of the Revised Code. Such opportunity for a hearing shall be given before making the adjudication order except in those situations where this section provides otherwise.

" 'The following adjudication orders shall be effective without a hearing:

" '***

" '(C) Orders or decisions of an authority within an agency if the rules of the agency or the statutes pertaining to such agency specifically give a right of appeal to a higher authority within such agency or to another agency and also give the appellant a right to a hearing on such appeal.'

"Utilizing a somewhat strained interpretation of the statutory provisions, the Environmental Board of Review concluded that the exception did not apply because it, the Board, was not an agency as defined by R. C. 119.01 and is not an 'authority' within the Environmental Protection Agency. Such a hypertechnical interpretation of R. C. 119.06 is neither justified nor required. Reading R. C. 3745.05 and cognate sections *in pari materia* with R. C. 119.06, it becomes quite apparent that the Environmental Board of Review is an agency within the purview of that section whether it be deemed a higher authority within the same agency or another agency. The clearly expressed legislative intent is that an adjudication hearing is not required at the initial level if one be available on appeal from an adverse ruling at the initial level of administrative decision."

The Tenth District Court of Appeals, in its decision in this cause, *per* Judge Moyer, reaffirmed the position of the court that an adjudicatory hearing is not required in the first instance by the director, by the following language in the decision:

"Our holding in *Kripke-Tuschman Industries, supra,* that a reading of R. C. 3745.05 and related sections *in pari materia* with R. C. 119.06 results in a conclusion that the Environmental Board of Review is an agency within the purview of R. C. 3745.05, applies to this case. One of the related statutes is R. C. 3745.07 which was enacted after R. C. 119.06 and is more specific. It provides, in pertinent part, that:

" '***

" 'If the director issues, denies, modifies, revokes, or renews a permit, license, or variance without issuing a proposed action, an officer of an agency of the state or of a political subdivision, acting in a representative capacity, or any person who would be aggrieved or adversely affected thereby, may appeal to the environmental board of review, within thirty

days of the issuance, denial, modification, revocation, or renewal.'

"That section clearly recognizes that the director may issue a denial without an adjudication hearing. If that occurs, as it did in this case, the permit applicant has a right to a full hearing before the board, rather than the director. We believe that a reading of all relevant sections of the Code *in pari materia* leads only to the conclusion that the General Assembly intended that an adjudication hearing is not necessary at the first administrative level if a hearing is available on appeal from an adverse ruling at the initial level of administrative decision. *Kripke-Tuschman Industries, supra.*"

I am of the opinion that the interpretations of these sections of law, as rendered by the Tenth District Court of Appeals, are sound and should be adopted by this court. I would affirm the judgment of the Court of Appeals.