THE STATE, EX REL. MAYNARD, DIRECTOR, *v.* WHITFIELD, JUDGE.

[Cite as State, ex rel. Maynard, *v.* Whitfield (1984), 12 Ohio St. 3d 49.]

(No. 83-1227—Decided July 3, 1984.)

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Michael C. Donovan* and *Ms. Karen Kolmacic,* for relator.

*Mr. Richard J. Marco,* for respondent and urging denial of the writ for *amicus curiae,* Brunswick Disposal, Inc.

*Per Curiam.* It is well-settled that the statutory procedure for review of OEPA actions set forth in R.C. Chapter 3745 is exclusive and that courts of common pleas are without jurisdiction to proceed in actions for declaratory and injunctive relief involving controversies under R.C. Chapter 3745. *State, ex rel. Williams,* v. *Bozarth* (1978), 55 Ohio St. 2d 34 [9 O.O.3d 19], and *Warren Molded Plastics, Inc.* v. *Williams* (1978), 56 Ohio St. 2d 352 [10 O.O.3d 484].

R.C. 3745.07 requires notice of a proposed action to be published "* * * within fifteen days after the date of the proposed action * * *." In the case at bar, notice was published on May 6, 1983, concededly later than the time required by statute. Thus, Brunswick claims it was deprived of the remedies afforded to it by statute and may bring the underlying action against relator. Brunswick, however, did not attempt to take any action in response to the published notice. Had it done so, the issue of whether the notice was timely could have been adjudicated in proceedings under R.C. Chapter 3745. For this reason, the fact that notice was untimely does not create an exception to the rule set forth in *State, ex rel. Williams, supra,* and *Warren Molded Plastics, Inc., supra.*

Accordingly, the writ prayed for is allowed.

*Writ allowed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J.P. CELEBREZZE, JJ., concur.