CAMPBELL, APPELLANT, *v.* MAYNARD, DIRECTOR, OHIO ENVIRONMENTAL PROTECTION AGENCY, APPELLEE.

(No. 83AP-789—Decided November 6, 1984.)

*Richard J. Marco, Harry E. Van Horsten* and *Robert B. Henn,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Michael C. Donovan, Karen A. Kolmacic* and *Paul D. Hancock,* for appellee.

MOYER, J. This matter is before us on the appeal of William L. Campbell from a final order of the Environmental Board of Review (board) affirming a final action of the Director of the Ohio Environmental Protection Agency (director) for the reason that the board had no jurisdiction to entertain Campbell's appeal from the director's final action.

On February 28, 1983, the director, Robert H. Maynard, issued a proposed denial of Campbell's application for a solid waste disposal license to operate a township sanitary landfill in Medina County. The proposed denial was based upon the director's findings that Campbell had not operated the landfill in substantial compliance with the applicable Ohio law under his previous license.

On the same day, the director sent Campbell, by certified mail, a copy of the proposed action, together with a cover letter advising Campbell of his right to request an adjudication hearing and that, if he failed to request such a hearing within thirty days, the proposed order would become final and effective on April 14, 1983. Campbell received the certified mail on March 1, 1983.

On March 17, 1983, Campbell filed with the board a notice of appeal of the director's proposed action, which appeal was dismissed by the board on the ground that it lacked jurisdiction to hear an appeal from a proposed action of the director.

Having received no request from Campbell for an adjudication hearing within the required time, the director entered the proposed action as a final action and mailed a copy of the journalized final action on April 21 to Campbell. On May 9, 1983, a notice of appeal was filed by Campbell to the board from the director's journalized final action.

The newspaper publication of the director's proposed action, which is required by R.C. 3745.07, appeared in the local newspaper for one week beginning May 6, 1983. No one requested an adjudication hearing within thirty days of

the newspaper notification of the director's proposed findings and order.

The board concluded that the director did not cause notification of his proposed denial of Campbell's license application to appear in a newspaper pursuant to the requirements of R.C. 3745.07; that such newspaper notification is not mandatory and that a failure to give such notice within the time required by R.C. 3745.07 does not invalidate a final action of the director in the absence of a showing that someone relied upon the failure to his substantial detriment; that Campbell had actual notice of the proposed final action; that he failed to request an adjudication hearing within the required time; and that such failure constituted his consent to the director's proposed action and a waiver of all rights to a hearing and all rights to further contest the director's action. The board further concluded that it therefore had no jurisdiction to consider Campbell's appeal.

Campbell asserts the following three assignments of error in support of his appeal:

"1. The EBR erred in holding that it did not have jurisdiction to hear appellant's appeal from the OEPA director's final action because the jurisdiction of the EBR cannot be waived based solely upon a failure to request an adjudicatory hearing.

"2. The EBR erred in overruling the appellant's motion for reconsideration and for summary judgment when the uncontroverted facts submitted by the OEPA establish, as a matter of law, that the final action of the director was unlawful.

"3. The EBR erred in overruling the appellant's motion for a stay where it was clear that appellant had met the four prerequisites to granting said motion."

The jurisdiction of the Environmental Board of Review is set forth in R.C. 3745.01 and provides that any person who was a party to a proceeding before the director may participate in an appeal to the Environmental Board of Review for an order vacating or modifying the action of the Director of the Environmental Protection Agency. As Campbell accurately observes, the General Assembly has not required that a party wishing to appeal an action of the director must first request an adjudicatory hearing before the director. See R.C. 3745.05 and 3745.07.

The board relies upon Ohio Adm. Code 3745-47-13(E) to deny jurisdiction to a person in Campbell's position. That code section provides that, if a person does not request an adjudicatory hearing within the time required, such person shall be deemed to have waived all rights to a hearing and all rights to contest the director's action and shall be further deemed to have consented to the proposed action. The board also relied upon *Roberts* v. *Williams* (Aug. 17, 1978), Franklin App. No. 78AP-214, unreported. However, our opinion in that case did not consider the precise question presented in this appeal. In *Roberts,* we held that it was not unreasonable for the director to deny a request for an adjudication hearing where the applicants requesting the hearing affixed insufficient postage to the envelope containing their objections and therefore did not make a timely request. While we observed that Ohio Adm. Code 3745-47-13(E) is not facially unreasonable in view of R.C. 3745.07, we were not called upon to decide whether the board could dismiss, for lack of jurisdiction, the appeal of a party who did not request an adjudicatory hearing on the ground that said party had consented to the final order of the director.

The board's exclusive power to hear appeals from the director is designated in R.C. 3745.05 and 3745.07. As both parties to this appeal agree, an administrative agency may not adopt rules

that expand or delete the jurisdiction granted to it by the General Assembly. The board's rule-making authority is limited to adopting "regulations governing procedure to be followed for hearings before it." R.C. 3745.03. The rule-making authority does not include the adoption of a rule that deems a failure to request an adjudication hearing to be a waiver to challenge the director's final action in an appeal of applying said action to the board.

We conclude that Ohio Adm. Code 3745-47-13(E), to the extent that it declares that a person who does not request an adjudication hearing thereby consents to a proposed action of the director becoming a final action, is invalid. As in many civil proceedings, a party may wish to forego the opportunity of a hearing. See *General Motors Corp.* v. *McAvoy* (1980), 63 Ohio St. 2d 232, 237 [17 O.O.3d 143]. While the case before us would not seem to be the best example, there could be a proposed action that is based upon a question of law or an undisputed set of facts which require no adjudicatory hearing. To require every applicant or statutory party to incur the expense and expenditure of resources that are required in most adjudicatory hearings before an agency such as the Environmental Protection Agency, as an element of the board's jurisdiction to review a final order of the agency, is to change, by administrative rule, a statutory grant of authority.

We hold that an applicant for a permit to the Environmental Protection Agency who receives actual timely notice of a right to an adjudicatory hearing need not exercise such right in order to invoke the jurisdiction of the Environmental Board of Review to decide an appeal from a final action of the Environmental Protection Agency. We further hold that, where a party has been properly advised of a right to an adjudicatory hearing and no request is made for said hearing, the appeal to the board is confined to the record created by the Environmental Protection Agency, and that the appellant in such a case will be deemed to have waived his right to offer evidence by his failure to request an adjudicatory hearing.

Having defined the applicable law, we must now determine whether Campbell's actions in this case constitute a request for an adjudicatory hearing. Despite the fact that the director's proposed order, which was received by Campbell on March 1, 1983, included the address to which a request for a hearing should be sent, Campbell's attorney, who represented him at that time, sent a document entitled "Notice of Appeal" to the board, stating that Campbell appealed to the board from "the order entered in this action on the 28th day of February 1983, denying the application of the Appellant for a Solid Waste Disposal License for the year of 1983, for Montville Landfill, Medina County, Ohio on the following grounds." The "Notice of Appeal" also stated that "the Applicant shall provide evidence supporting specific objections in a manner in which said Applicant is aggrieved, and that said Applicant would ask the Board to direct the issuance of said license by the Ohio E.P.A."

The "Notice of Appeal" contained, in addition, a proof of service which stated that a copy of the "Notice of Appeal" was sent by certified mail to the acting director of the Environmental Protection Agency on March 11, 1983. The "Notice of Appeal" was received by the board on March 14, 1983. The "Notice of Appeal" did not request an adjudicatory hearing. The record before us does not contain a copy of the notice of appeal Campbell sent to the director. However, the director does not contest the fact that they did receive a copy.

Campbell concedes that the "Notice of Appeal" should not have been sent to the board because an applicant cannot appeal from a proposed order of the

director. He argues, however, that, since the notice he sent to the board contained all of the information that would be contained in a request for an adjudicatory hearing and because the director was served with a copy of that notice, the director should not be permitted to have waited until the time for filing a request for an adjudicatory hearing had lapsed and then file a motion to dismiss the "Notice of Appeal." Campbell, in effect, attempts to shift to the director the responsibility to help Campbell rectify his mistake. We do not find that the director had such a responsibility. There is nothing in the record to indicate that the director in any way misled Campbell or that he, in fact, knew that Campbell wanted an adjudicatory hearing. While the General Assembly has provided clear means of appeal and hearing rights for not only applicants but interested citizens, it has not placed the Environmental Protection Agency in the role of correcting the legal mistakes of those parties whom it is required to hear. This holding is consistent with *Roberts* v. *Williams, supra.*

The first assignment of error is sustained.

In support of his second assignment of error, Campbell argues that the board should have found that the director's order was unlawful because the director admittedly failed to cause a notice of its proposed action to be published in a newspaper in accordance with R.C. 3745.07. The proposed action was filed February 28, 1983, became final April 14, 1983, journalized April 21, 1983, and the notice was published on May 6, 1983.

As the Supreme Court held in *General Motors Corp.* v. *McAvoy, supra,* R.C. 3745.07 provides certain rights to persons who may be affected by an action of the Environmental Protection Agency but who are not applicants for licenses and permits. The requirement that the director shall cause a notice of

each of its actions to be published within fifteen days after the date of the proposed action is found exclusively in that section of the Code. It is not found in R.C. 119.06, which is the statutory provision giving hearing and appeal rights to applicants for licenses and permits. See *General Motors Corp.* v. *McAvoy, supra.*

It logically follows that a person other than an applicant for a permit or license may challenge an order of the director if the publication was not timely made and the person was therefore disadvantaged. It also follows that an applicant for a permit, such as Campbell, cannot claim that he has been harmed by the director's failure to comply with R.C. 3745.07, because that section is not intended to protect applicants. Campbell argues that that section is mandatory and that, if the director fails to comply with it, his order is unlawful as a matter of law. That conclusion would seem to be challenged by a recent opinion of the Supreme Court, in a case related to this case, *State, ex rel. Maynard,* v. *Whitfield* (1984), 12 Ohio St. 3d 49. In that case, Brunswick Disposal, Inc. obtained a temporary restraining order in a common pleas court against the director to prevent the director from closing Campbell's sanitary landfill. In an appeal of a prohibition action arising out of that case, the Supreme Court, noting that the fifteen-day notice required of R.C. 3745.07 was published later than required, held that Brunswick's remedy was under R.C. 3745.07 rather than in a declaratory or injunctive action. The court noted that Brunswick did not attempt to take any action in response to the published notice and that had it done so the issue of whether the notice was timely could have been adjudicated in proceedings under R.C. Chapter 3745. If the Supreme Court had considered the fifteen-day notice to be mandatory, it would not have reached the decision it reached in *Whitfield,* because the only

purpose for holding a hearing where the notice was concededly published late would be to determine the effect the untimely publication had upon Brunswick. *Whitfield* is consistent with our conclusion that the director's failure to make timely publication of the notice required by R.C. 3745.07 does not cause his final action to be unlawful.

Campbell also argues in support of his second assignment of error that the record transmitted to the board by the director was not a complete record as required by R.C. 119.12. Campbell cites the wrong statutory provision for his argument, as the director's record is to be filed with the board in compliance with R.C. 3745.04. Furthermore, Campbell has not stated in what way the director's purported exclusion of three items from the record transmitted to the board prejudiced him. See *Lorms* v. *State* (1976), 48 Ohio St. 2d 153 [2 O.O.3d 136]; *Genoa Banking Co.* v. *Mills* (1983), 9 Ohio App. 3d 237. Campbell's second assignment of error is not well-taken and is overruled.

The third assignment of error is overruled because we have previously overruled Campbell's motion for a suspension of the final order of the board, and the board's overruling of Campbell's motion for a stay of the director's order is moot.

For the foregoing reasons, the order of the Environmental Board of Review is reversed and the case is remanded to the board with instructions to assume jurisdiction of the appeal and to determine the appeal solely upon the director's record.

*Judgment reversed and cause remanded with instructions.*

STRAUSBAUGH and WHITESIDE, JJ., concur.