CITY OF SANDUSKY, APPELLANT, *v.*
MAYNARD, DIRECTOR, APPELLEE.

110

(No. 84AP-1133—Decided June 20, 1985.)

*William H. Smith, Jr.*, city solicitor, for appellant.

*Anthony J. Celebrezze, Jr.*, attorney general, *Martha E. Horvitz* and *Karen A. Kolmacic*, for appellee.

STERN, J. Appellant, the city of Sandusky, appeals from the findings of fact and the final order issued by the Environmental Board of Review ("EBR") on November 20, 1984, upholding the issuance by the appellee, Robert H. Maynard, Director of Environmental Protection ("director"), of findings and orders to the appellant requiring the municipality to develop a pretreatment program.

Pursuant to the provisions of R.C. 6111.03(Q)(7), the director issued to the city an order, dated March 1, 1984, requiring it to develop a program for the pretreatment of industrial waters prior to their discharge into Sandusky's waste water treatment system. The director found that the city is the owner and operator of a publicly owned treatment works ("POTW") which receives pollutants from industrial users. Under federal regulations (Part 403, Title 40, C.F.R.), Sandusky is required to develop a pretreatment program for the treatment of such industrial pollutants prior to the entry into the city's treatment works. The director's order required that such pretreatment must be developed by Sandusky prior to September 30, 1984.

Sandusky, in its appeal to this court from the EBR order, asserts three assignments of error, as follows:

"1. The EBR should have disaffirmed director Maynard's findings and order of March 1, 1984, since the issuance of such findings and order are contrary to and in violation of both the provisions of the Ohio Revised Code, Chapter 6111 and the Federal Clean Water Act as found in Chapter [Title] 33 of U.S.C.

"2. The EBR errored [*sic*] by not finding that director Maynard was required by law (specifically the provisions of Chapter 119 of the O.R.C.) to afford the city of Sandusky the opportunity for an adjudication hearing before the director could issue any final findings and order upon which enforcement action could be occasioned to force the city of Sandusky's implementation of an industrial pretreatment program.

"3. The EBR errored [*sic*] by *not* finding that the time schedule authorized in director Maynard's finding and order of March 1, 1984, was arbitrary and capricous [*sic*] and could not have been complied with by the exercise of reasonable engineering diligence." (Emphasis *sic*.)

R.C. 6111.03(Q) is an authorization for the director to administer and enforce pretreatment programs for publicly owned treatment works. R.C. 6111.03(Q)(3) enables the director to incorporate such program into a NPDES (National Pollutant Discharge Elimination System) permit.

The director's final findings and order of March 1, 1984, supported by several exhibits, delineate the various steps and notices that were taken by the federal and state agencies to indicate that the city was in violation of the federal and state Clean Water Act requirements. The director's order sets forth a timetable by which the various elements constituting the proposed wastewater pretreatment program were to be performed in order to comply with applicable state and federal statutes relating to the Clean Water Act.

The city claims that under the decision in *Chevron U.S.A., Inc.* v. *Natural Resources Defense Council, Inc.* (1984), 81 L.Ed. 2d 694, the board acted contrary to law by unreasonably construing the Clean Water Act to permit the use of orders by the director to enforce pretreatment programs. An analysis of that case does not support the city's contention. That case held that once the court determines that Congress did not actually intend to deal in the statute with a particular detail, the question becomes whether the administrator's view or construction of the statute is a reasonable one. *Chevron, supra,* at 702-703.

The Federal Water Pollution Control Act Amendments of 1972, 86 U.S. Stat. 816, and the Clean Water Act of 1977, 91 U.S. Stat. 1566, are silent on the use of state director's orders to effectuate pretreatment programs. Federal regulations, *e.g.,* Section 403.10(f)(1)(i), Title 40, C.F.R., require at a minimum that the director shall have the authority to incorporate POTW pretreatment program conditions into permits issued POTWs. R.C. 6111.03 (Q)(3) satisfies this minimum requirement. In addition to this required minimum, the General Assembly in R.C. 6111.03(Q)(7) authorized the director to issue orders to enforce the POTW pretreatment program.

R.C. 6111.03(Q)(7) authorized the director to issue to the city of Sandusky the order of March 1, 1984. There is no showing in the record that that order in any manner violated the applicable provisions of the state and Federal Clean Water Acts.

Appellant's first assignment of error is without merit and is overruled.

Appellant contends in its second assignment of error that the director was required to afford Sandusky an adjudicatory hearing before issuing the March 1, 1984 order. In support of that position, the city relies upon *General Motors* v. *McAvoy* (1980), 63 Ohio St. 2d 232 [17 O.O.3d 143]. We do not agree with appellant's analysis of that case. In that opinion, there is constant reference to a denial of a permit. Prior to the issuance of the March 1, 1984 order, several conferences, communications, investigations, engineering reports, etc. were issued, considered and reviewed by both the city and that director before the director's order was issued.

An interpretation of the *General Motors* decision, relating to orders of the director requiring an opportunity for a prior hearing, indicates that such opportunities have to do with orders and hearings relating solely to the issuance of licenses, permits, etc. On page 236, the court used the following language: "* * * It [R.C. 3745.05] does not authorize the Director to issue adjudication orders without the opportunity for a prior hearing * * *." The very use of the term "adjudication" denotes the exercise of judicial authority and a final determination of a contested issue. All that the director did in issuing the March 1, 1984 order was to issue a directive in conformity with the existing statutes requiring compliance with the Clean Water Act. Under R.C. 6111.03(Q)(7), the director's orders are an expressly permissible way to administer and enforce the POTW pretreatment program. In addition, paragraph two of the syllabus of *General Motors* v. *McAvoy* states that there should be conformance "with the requirements of R.C. 119.06 wherever possible and practical." In the instant matter, looking at all of the exhibits and data considered by the director in issuing the order of conformance, there is no indication that conducting a hearing on the issue involved would be "possible and practical."

While a hearing might have been possible, it would not have been practical. Further delay in developing a pretreatment program would only have insured noncompliance with the September 30, 1984 deadline. In addi-

tion, the General Assembly was concerned with immediate, effective development of water pollution control programs when it enacted what is now R.C. 6111.03(Q)(7) (see Section 3, Am. Sub. H.B. No. 766, 138 Ohio Laws, Part II, 3556, 3580). Prior hearings would make impractical the immediate action sought by the legislature and the director.

The city's exceptions to the director's order appear to relate solely to the timetable to meet the final deadline of conformance by the United States Environmental Protection Agency. Sandusky's proposal of an eighteen-month timetable for final compliance, rather than the director's six-month order of compliance, does not raise a justiciable issue, as it does not indicate an abuse of discretion by the director or by the EBR in the affirmance of that order.

The second assignment of error is overruled.

The third assignment of error is a claim that the March 1, 1984 order was arbitrary and capricious. The law is clear that the EBR is required to affirm the director's order if it is in accordance with law. This was the basic holding in *Citizens Committee* v. *Williams* (1977), 56 Ohio App. 2d 61 [10 O.O.3d 91]. The record indicates that Sandusky was cognizant of its responsibility to conform its pretreatment of water for industrial use in accordance with the pertinent laws, rules, regulations, etc. The action of the director was not a "surprise" or an "unwarranted" demand for a response by the city to comply with the applicable laws relating to pretreatment of water.

In the position taken by the city in this assignment of error, the burden is on the city to indicate by clear and convincing proof that the director, in issuing the order and the EBR in affirming such order, acted without legal authority or in an unreasonable manner.

Therefore, in the light of the data consisting of everything that has transpired in the matter submitted for review by this court, under our limited authority to consider such appeals, we find that the director's order was not "arbitrary" and "capricious." Thus, the third assignment of error is overruled.

It is the judgment of this court that the decision of the EBR in affirming the order issued by the director was in conformity with the applicable law and that such order was lawful and reasonable. R.C. 3745.05 and 3745.06. The appeal is dismissed and judgment is entered in favor of appellee.

*Judgment accordingly.*

REILLY and MOYER, JJ., concur.

STERN, J., retired Justice of the Ohio Supreme Court, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.