[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rocky Ridge Dev., L.L.C. v. Winters,* Slip Opinion No. 2017-Ohio-7678.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-7678

THE STATE EX REL. ROCKY RIDGE DEVELOPMENT, L.L.C., ET AL. *v.* WINTERS, JUDGE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rocky Ridge Dev., L.L.C. v. Winters,* Slip Opinion No. 2017-Ohio-7678.]

*Prohibition—Writ sought to prevent judge from ruling in case seeking declaratory judgment and injunction—Writ granted as to issues over which Environmental Review Appeals Commission has exclusive jurisdiction—Writ denied as to all claims involving township's local ordinances or allegations of public nuisance.*

(No. 2017-0321—Submitted June 6, 2017—Decided September 21, 2017.)

IN PROHIBITION.

_____

**Per Curiam.**

**{¶ 1}** Relators, Rocky Ridge Development, L.L.C., and Custom Ecology of Ohio, Inc., d.b.a. Stansley Industries, Inc., seek a writ of prohibition against

respondent, Ottawa County Common Pleas Court Judge Bruce Winters. We grant the writ in part.

I. Background

{¶ 2} On November 13, 2014, the Ohio Environmental Protection Agency ("OEPA") approved a Land Application Management Plan ("LAMP") permitting Stansley to use spent lime in a soil blend as general fill to increase elevation and improve drainage on its property. The permit was issued "[p]ursuant to the authority of the Director under ORC Chapter 6111," which governs water pollution. OEPA issued a second LAMP permit on February 14, 2017, expressly modifying and superseding the first. The new permit added Rocky Ridge as a permittee, modified certain conditions that OEPA had imposed on the operation, and specified the property on which the fill operations were authorized.

{¶ 3} On February 23, 2017, Benton Township filed a complaint for declaratory and injunctive relief against Rocky Ridge and Stansley in Ottawa County Common Pleas Court. Benton Township alleged that the companies were violating the terms of the LAMP, were in violation of Benton Township local zoning ordinances and state law, and were creating a public nuisance.

{¶ 4} On February 23, 2017, Judge Winters issued a temporary restraining order against Rocky Ridge and Stansley. The order enjoined them "from operating in Benton Township until and unless they are in compliance with the Benton Township Zoning Resolution and the laws of the State of Ohio." Specifically, the actions prohibited by the temporary restraining order

> include[] but [are] not limited to the digging of a borrow pit and/or
> constructing a farm pond, spreading, burying or mixing of waste,
> removing topsoil where such removal is a conditional use, changing
> the drainage of the property, placing any material into waters of the

2

state and/or otherwise violating the zoning laws of Benton Township.

**{¶ 5}** On March 6, 2017, Rocky Ridge and Stansley (collectively, "Rocky Ridge") commenced this original action for a writ of prohibition against Judge Winters. This court denied their motion for an emergency stay and issued an expedited alternative writ. 148 Ohio St.3d 1422, 2017-Ohio-902, 71 N.E.3d 295. This court imposed an expedited briefing schedule, *id.*, which the parties modified by agreement. The matter is now fully briefed.

## II. Legal analysis

**{¶ 6}** A writ of prohibition is an extraordinary remedy that is granted in limited circumstances "with great caution and restraint." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). There are three elements necessary for a writ of prohibition to issue: the actual or imminent exercise of judicial power, the lack of authority for the exercise of that power, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. But if the trial judge's lack of jurisdiction is patent and unambiguous, prohibition will lie notwithstanding the availability of an adequate remedy by way of appeal. *State ex rel. Vanni v. McMonagle*, 137 Ohio St.3d 568, 2013-Ohio-5187, 2 N.E.3d 243, ¶ 6.

**{¶ 7}** Rocky Ridge's demand for a writ of prohibition rests upon two concepts. The first is exclusive original subject-matter jurisdiction: a writ of prohibition will issue to prevent a trial court from exercising jurisdiction over matters expressly delegated to an administrative agency. *See State ex rel. Dir., Ohio Dept. of Agriculture v. Forchione*, 148 Ohio St.3d 105, 2016-Ohio-3049, 69 N.E.3d 636, ¶ 29 (writ of prohibition issued because the director of agriculture has exclusive jurisdiction to seize or quarantine dangerous wild animals). Rocky Ridge contends that prohibition is appropriate in this case because the matters before

Judge Winters fall within the exclusive statutory jurisdiction of the Environmental Review Appeals Commission ("ERAC").

{¶ 8} Alternatively, Rocky Ridge relies on the concept of preemption: a municipal ordinance must yield to a state statute if the ordinance is an exercise of the police power, the state statute is a general law, and the ordinance is in conflict with the statute. *State ex rel. Morrison v. Beck Energy Corp*., 143 Ohio St.3d 271, 2015-Ohio-485, 37 N.E.3d 128, ¶ 15. According to Rocky Ridge, the general state statutory scheme for OEPA regulation of natural resources preempts the conflicting local ordinances.

### A.     *Exclusive statutory jurisdiction*

{¶ 9} ERAC "has exclusive original jurisdiction over any matter that may, under this section, be brought before it." R.C. 3745.04(B). The question is, what matters may be brought before ERAC? This court has issued a writ of prohibition to prevent a common pleas court from exercising jurisdiction over an action for declaratory and injunctive relief regarding the OEPA director's application of certain regulations to the plaintiff's foundry. *State ex rel. Williams v. Bozarth*, 55 Ohio St.2d 34, 36-37, 377 N.E.2d 1006 (1978). We noted that under R.C. 3745.04, ERAC has exclusive jurisdiction to review an action of the OEPA director. *Id.* at 37. "Action" is defined in R.C. 3745.04(A) as including the issuance of a permit.

{¶ 10} Without question, some of the allegations in the Benton Township complaint directly challenge the wisdom of the LAMP permit and therefore fall squarely within the jurisdiction of ERAC. For example, the township claims that the LAMP was issued to an improper party, that Rocky Ridge is violating the express terms of the LAMP, and that Rocky Ridge is conducting operations in violation of state law. These allegations all directly challenge the validity of the LAMP or Rocky Ridge's compliance with the LAMP and so fall under ERAC's exclusive jurisdiction. *Warren Molded Plastics, Inc., v. Williams*, 56 Ohio St.2d

352, 384 N.E.2d 253 (1978) (common pleas court lacked jurisdiction to hear constitutional challenge to OEPA director's regulation).

{¶ 11} Judge Winters patently and unambiguously lacks jurisdiction to consider these matters, and so we hereby issue a writ of prohibition as to these allegations.

*B. Preemption of local zoning ordinances*

{¶ 12} The underlying lawsuit alleged that Rocky Ridge has violated the Benton Township Zoning Resolution in at least four[1] ways:

(1)     The Zoning Resolution requires a zoning certificate from the Board of Zoning before removing topsoil from an A-3 Agricultural area. Part of the Rocky Ridge property is zoned A-3, and operations have commenced without the required permit.

(2)     A conditional permit is also required before using property zoned M-3 Manufacturing for waste disposal. Rocky Ridge has commenced waste disposal on M-3 Manufacturing property without a permit.

(3)     Section 103.7 of the Benton Township Zoning Resolution forbids dumping or spreading of sewage or industrial waste within the jurisdiction. Rocky Ridge has disposed of industrial waste at its property.[2]

(4)     Section 103.8 of the Zoning Resolution forbids landfills for solid-waste disposal or other waste material within the jurisdiction. Rocky Ridge has disposed of solid waste on its property.

Rocky Ridge asserts that state law preempts all these local ordinances, meaning that ERAC has exclusive jurisdiction and Judge Winters has no jurisdiction.[3]

---

[1] Paragraph 51 of the complaint charges Rocky Ridge with violating seven additional sections of the Zoning Resolution, but the complaint provides no explanation of the nature of the violations.

[2] Benton Township withdrew its claims based on Section 103.7 at the hearing on the temporary restraining order.

[3] It is notable that the original LAMP expressly provided that "[i]ssuance of this permit does not relieve Stansley of the duty to comply with all applicable federal, state, and local laws, ordinances, and regulations, except as specifically exempted herein." But when OEPA issued the modified

**{¶ 13}** The doctrine of preemption under state law is narrower than its federal counterpart. State law is preempted when Congress intends federal law to occupy the field, even if there is no direct conflict between the state and federal rules. *See Crosby v. Natl. Foreign Trade Council*, 530 U.S. 363, 372, 120 S.Ct. 2288, 147 L.Ed.2d 352 (2000). Under state law, by contrast, a local ordinance is preempted only when a general law of the state directly conflicts with it. *Morrison*, 143 Ohio St.3d 271, 2015-Ohio-485, 37 N.E.3d 128, at ¶ 24. "A conflict exists if 'the ordinance permits or licenses that which the statute forbids and prohibits, or vice versa.' " *Id*., quoting *Struthers v. Sokol*, 108 Ohio St. 263, 140 N.E. 519 (1923), paragraph two of the syllabus.

**{¶ 14}** Assuming (without deciding) that Benton Township's zoning regulations are preempted, we nevertheless decline to grant a writ of prohibition on that basis, because preemption does not create a jurisdictional defect in the trial court. By way of example, *Morrison*, our most recent pronouncement on state/local preemption, was not a prohibition case. Rather, the trial court ruled on the enforceability of the local ordinances, and the case proceeded through the normal avenues of appeal on the merits. Likewise, the cases cited in *Morrison* regarding home-rule preemption were not prohibition cases. *See, e.g., Mendenhall v. Akron*, 117 Ohio St.3d 33, 2008-Ohio-270, 881 N.E.2d 255 (certified question of state law stemming from federal action challenging city's use of traffic cameras); *State ex rel. Mill Creek Metro. Park Dist. Bd. of Commrs. v. Tablack*, 86 Ohio St.3d 293, 714 N.E.2d 917 (mandamus action against county officials).

**{¶ 15}** We hold that in a case alleging preemption of local zoning ordinances due to conflict with state law, the trial court has jurisdiction to determine whether such a conflict exists. Preemption is not a question committed to the

---

LAMP, it imposed a duty to conduct activities "in compliance with all applicable state and federal laws and regulations pertaining to environmental protection," deleting the reference to local ordinances and regulations.

exclusive jurisdiction of ERAC, as Rocky Ridge assumes.  We therefore deny the requested writ as to any claims based on violations of the Benton Township Zoning Resolution.

### *C.  Nuisance*

{¶ 16} Lastly, Benton Township's complaint alleges that operations at the site are causing various nuisances by, among other things, excavating the land down to bedrock, thereby endangering groundwater and well water, spilling industrial waste onto roadways (creating slippery and hazardous road conditions), and causing erosion and flooding on adjacent properties

{¶ 17} Here again, Rocky Ridge asserts that ERAC has exclusive jurisdiction to consider these complaints.  But we see no statutory support for that claim.

{¶ 18} To the contrary, the Revised Code expressly preserves the traditional authority of the common pleas courts to hear nuisance suits.

> [R.C. Chapter 3734, governing solid and hazardous wastes,] does not abridge rights of action or remedies in equity, under common law, or as provided by statute or prevent the state or any municipal corporation or person in the exercise of their rights in equity, under common law, or as provided by statute to suppress nuisances or to abate or prevent pollution.

R.C. 3734.10.  Citing that statute, we have affirmed that political subdivisions may seek injunctive relief against licensed waste facilities "in the narrow areas of nuisance and pollution prevention and abatement."  *Atwater Twp. Trustees v. B.F.I. Willowcreek Landfill*, 67 Ohio St.3d 293, 296, 617 N.E.2d 1089 (1993).

{¶ 19} This is not to suggest that the law of nuisance will always and automatically enable localities to circumvent the jurisdiction of ERAC or shut down

state-licensed facilities. At least one intermediate appellate court has held that although a political subdivision may seek an injunction in common pleas court when a solid-waste-disposal facility creates a nuisance by *violating* the terms of its permit, it cannot seek relief if the facility is acting *within* the terms of its permit, even if in doing so the facility creates what the political subdivision deems to be a nuisance. *Bates v. GSC Principals*, 6th Dist. Lucas No. L-07-1185, 2008-Ohio-2211, ¶ 18, 21. In other words, at least in the view of the Sixth District, the common pleas court lacked jurisdiction because a licensed facility acting within the scope of its permit, by definition, cannot be a nuisance.

{¶ 20} The viability of the *Bates* distinction is beyond the scope of this case. Rocky Ridge has not proved that the nuisances alleged by Benton Township are the unavoidable consequence of normal licensed operations. We are therefore not compelled to decide whether that is a legally relevant distinction. For present purposes, it is sufficient to say that Judge Winters does not patently and unambiguously lack jurisdiction to determine whether the alleged nuisances are a result of permissible operations or a consequence of Rocky Ridge breaching the conditions in its LAMP, that Rocky Ridge has an adequate remedy by way of appeal from any decision he renders, and that a writ of prohibition as to the nuisance claims is not proper on this record.

III. Conclusion

{¶ 21} For the foregoing reasons, we hereby grant a limited writ of prohibition to prevent Judge Winters from deciding any issues that properly belong to ERAC, such as the wisdom or propriety of issuing the LAMP or Rocky Ridge's compliance with the LAMP. However, we deny the writ as to all claims involving alleged violations of Benton Township's local ordinances or allegations that the operation is creating a public nuisance.

Writ granted in part<br>and denied in part.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Eastman & Smith, Ltd., Reginald S. Jackson Jr., Barry W. Fissel, Matthew D. Harper, and Brian P. Barger, for relator Rocky Ridge Development, L.L.C.

Goranson, Parker & Bella Co., L.P.A., and Christopher F. Parker, for relator Custom Ecology of Ohio, Inc., d.b.a. Stansley Industries, Inc.

James J. VanEerten, Ottawa County Prosecuting Attorney; and Baker & Hostetler, L.L.P., Richard M. Knoth, James H. Rollinson, and Douglas L. Shively, for respondent.

_____