MCCLELLAN, APPELLANT, *v.* MACK, WARDEN, APPELLEE.

[Cite as *McClellan v. Mack,* 129 Ohio St.3d 504, 2011-Ohio-4216.]

*Habeas corpus — Res judicata does not deprive a court of jurisdiction and hence is not a basis for extraordinary relief — Dismissal of petition affirmed.*

(No. 2011-0546 — Submitted August 8, 2011 — Decided September 1, 2011.)

APPEAL from the Court of Appeals for Montgomery County, No. 24326.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment dismissing the petition of appellant, James McClellan, for a writ of habeas corpus to compel his immediate release from prison.

**{¶ 2}** McClellan's claim that res judicata barred the relitigation of the propriety of a traffic stop that led to a search of his vehicle and the seizure of evidence used by the state to prosecute him is not cognizable in habeas corpus. "[R]es judicata is not an appropriate basis for extraordinary relief, because 'res judicata does not divest a trial court of jurisdiction to decide its applicability, and the denial of this defense by the trial court can be adequately challenged by post-judgment appeal.' " *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 9, quoting *State ex rel. Nationwide Mut. Ins. Co. v. Henson*, 96 Ohio St.3d 33, 2002-Ohio-2851, 770 N.E.2d 580, ¶ 11.

**{¶ 3}** Moreover, McClellan could have raised this claim in his direct appeal. He did not. *State v. McClellan*, Allen App. No. 1-09-21, 2010-Ohio-314. Thus, res judicata bars raising it here. *Smith* at ¶ 11. And the mere fact that he has already unsuccessfully invoked his appellate remedy does not thereby entitle him to the requested extraordinary relief in habeas corpus. *Everett v. Eberlin*, 114 Ohio St.3d 199, 2007-Ohio-3832, 870 N.E.2d 1190, ¶ 6.

**{¶ 4}** Therefore, the court of appeals correctly dismissed McClellan's petition for a writ of habeas corpus, and we affirm that judgment.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

James McClellan, pro se.

Michael DeWine, Attorney General, and Gene D. Park, Assistant Attorney General, for appellee.

_____