[Cite as *State v. Medlar*, 2012-Ohio-935.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97498

---

## STATE OF OHIO

PETITIONER

vs.

## RICHARD MEDLAR

RELATOR

---

## JUDGMENT:
## PETITION DISMISSED

---

Writ of Habeas Corpus
Motion Nos. 449674 and 449155
Order No. 452716

**RELEASE DATE:**   March 6, 2012

**FOR PETITIONER**

Richard A. Medlar
24625 Clareshire Ct. #103
North Olmsted, OH 44070

**ATTORNEY FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:   Mary McGrath
Justice Center, 8th Fl.
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶1} On November 2, 2011, the petitioner, Richard Medlar, commenced this habeas corpus action to secure his immediate release from jail, because, he alleges, the trial court secured his guilty plea on false pretenses and otherwise violated his constitutional rights in the underlying case, *State of Ohio v. Richard Medlar*, Cuyahoga County Common Pleas Court Case No. CR-546253. On November 4, 2011, the Cuyahoga County Prosecutor on behalf of the State of Ohio moved to dismiss on the grounds of multiple procedural deficiencies and because Medlar is not entitled to relief in habeas corpus.[1] On November 22, 2011, Medlar moved to amend his complaint because he had no knowledge of the various procedural requirements cited in the motion to dismiss. On December 5, 2011, Medlar filed his reply to the motion to dismiss, and on December 9, 2011, he filed his proposed amendments to his complaint. For the following reasons, this court denies the motion to amend and grants the motion to dismiss the petition for habeas corpus.

{¶2} In January 2011, Medlar was arrested for driving under the influence and his car was impounded. The grand jury then indicted him in the underlying case for violating R.C. 4511.19(A)(1)(a). Medlar alleges that the trial court granted his motion to release his vehicle, but he was unable to retrieve it, because he could not pay the impound fee. He continues that in August 2011, he pleaded guilty so he could retrieve

---

[1] Medlar captioned his complaint, "State of Ohio v. Richard Medlar." This caption does not identify a respondent.

his car and personal property. However, by that time the impound lot had sold his car to another entity. Thus, he submits that his guilty plea was obtained under false pretenses. He also complains that the judge showed bias in denying his motion for bond on appeal, did not properly explain procedures to him, and imposed a fine despite Medlar's indigency. Medlar concludes that these violations render his conviction and incarceration invalid, entitling him to relief in habeas corpus.

{¶3} Medlar appealed his conviction in *State of Ohio v. Richard Medlar*, Cuyahoga County Court of Appeals Case No. 97250. However, on October 21, 2011, this court dismissed the appeal for failure to file the record.

{¶4} Medlar's claims are not cognizable in habeas corpus. R.C. 2725.05 provides that if a person alleged to be restrained of his liberty is in the custody of an officer under process or judgment issued by a court that had jurisdiction to issue the process or judgment, the writ of habeas corpus shall not be allowed. In the present case, the common pleas court is the court of general jurisdiction and has jurisdiction over criminal cases, including cases charging driving under the influence. Thus, Medlar is being held by a judgment issued by a court that had jurisdiction, and habeas corpus will not lie. *In re Burson,* 152 Ohio St. 375, 89 N.E.2d 651 (1949), paragraph four of the syllabus; and *Flora v. Rogers*, 67 Ohio St.3d 441, 1993-Ohio-131, 619 N.E.2d 690.

{¶5} Moreover, habeas corpus is not available when the petitioner has or had an adequate remedy at law. *McClelland v. Mack*, 129 Ohio St.3d 504, 2011-Ohio-4216, 954 N.E.2d 4216. The failure of Medlar's appeal does not change this principle. *Ross*

*v. Saros,* 99 Ohio St.3d 412, 2003-Ohio-4128, 792 N.E.2d 1126. The propriety of a guilty plea is determined on appeal, not through habeas corpus. *Douglas v. Money*, 85 Ohio St.3d 348, 1999-Ohio-381, 708 N.E.2d 697. Similarly, errors in sentencing are not jurisdictional and are not cognizable in habeas corpus. *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 5082.

{¶6} Medlar's petition is also fatally defective. R.C. 2725.04(D) requires a habeas corpus petitioner to include a copy of the commitment or cause of detention. Medlar attached nothing to his complaint.

{¶7} R.C. 2725.04 further requires the petition to be verified. In *Chari v. Vore*, 91 Ohio St.3d 323, 2001-Ohio-49, 744 N.E.2d 763, the Supreme Court of Ohio ruled: "'Verification' means a 'formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statement in the document.' Garner, Black's Law Dictionary (7 Ed.1999) 1556 * * *." Medlar included a "Declaration" in his petition "that the foregoing is true and accurate to the best of my knowledge and belief under penalty of perjury." However, it is not notarized. Therefore, it is insufficient to be a proper verification or affidavit under Ohio law. *Griffin v. McFaul*, 116 Ohio St.3d 30, 2007-Ohio-5506, 876 N.E.2d 527. Loc.App.R. 45(B)(1)(a) requires all complaints for original actions, including habeas corpus, to be supported by an affidavit specifying the details of the claim. Because the "affidavit" is not properly notarized, it does not fulfill the rule's requirement. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914

N.E.2d 402.

{¶8} He has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. *State ex rel. Zanders v. Ohio Parole Board*, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594. Medlar also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from the prison cashier setting forth the balance in the petitioner's private account for each of the preceding six months. This also is sufficient reason to deny the petition, deny indigency status, and assess costs against him. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842.

{¶9} As noted previously, Medlar incorrectly captioned the petition. R.C. 2725.04(B) requires the respondent to be the officer by whom the prisoner is confined. *State ex rel. Sherrills v. State,* 91 Ohio St.3d 133, 2001-Ohio-299, 742 N.E.2d 651. The multiple pleading deficiencies warrant dismissal.

{¶10} In an effort to correct at least some of the pleading deficiencies, Medlar moved to amend his complaint. In his "Amendment to complaint in habeas corpus" he lists previous lawsuits in which he was/is a party. However, it is not in the form of an affidavit, and the jurat at the end of the amendment is not notarized. Medlar states that the social worker/notary refused to notarize it. Nevertheless, under *Chari*, the failure to notarize renders the amendment defective.

{¶11} He also claims that the statement of the balance of the inmate's account was

filed in accordance with the Cuyahoga County Jail and signed/certified by the institutional cashier. But this court cannot confirm that it was filed with this court. Moreover, the Supreme Court of Ohio has ruled that a subsequent filing of the statement does not cure the defect under R.C. 2969.25. *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 371.

{¶12} Medlar also includes a list of defendants, including Governor Kasich, various Brookpark police officers, and the owner/president of the company which bought his car. However, he does not include the proper respondent under R.C. 2725.04(B). Because the motion to amend does not actually cure the defects, this court denies the motion to amend.

{¶13} Accordingly, this court dismisses the petition for habeas corpus.

Petitioner to pay costs. This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).


JAMES J. SWEENEY, JUDGE

FRANK D. CELEBREZZE, JR., P.J. AND
SEAN C. GALLAGHER, J., CONCUR