THE STATE EX REL. CASKEY, APPELLANT, *v.* GANO, JUDGE, APPELLEE.

[Cite as *State ex rel. Caskey v. Gano*, **135 Ohio St.3d 175, 2013-Ohio-71.**]

*Mandamus—Prohibition—Writs sought to prevent judge from proceeding in adoption case—Adequate remedy at law—Court of appeals' denial of petition for writs affirmed.*

(No. 2012-1253—Submitted January 9, 2013—Decided January 16, 2013.)

APPEAL from the Court of Appeals for Greene County,

No. 11-CA-51, 2011-Ohio-6144.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment denying the request of appellant, Chantil Caskey, for writs of prohibition and mandamus. Caskey sought the writs to prevent appellee, Judge G. Allen Gano, sitting by assignment in the Greene County Court of Common Pleas, Probate Division, from proceeding in an adoption case or, in the alternative, to require Judge Gano to permit her to appear as a party in the case.

{¶ 2} "Neither mandamus nor prohibition will issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law." *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 12. Unless a relator establishes a patent and unambiguous lack of jurisdiction, extraordinary relief in prohibition and mandamus will not issue, because the relator has an adequate remedy by appeal. *See State ex rel. Skyway Invest. Corp. v. Ashtabula Cty. Court of Common Pleas*, 130 Ohio St.3d 220, 2011-Ohio-5452, 957 N.E.2d 24, ¶ 10.

{¶ 3} Judge Gano does not patently and unambiguously lack jurisdiction over the underlying adoption case.

**{¶ 4}** "Probate courts have exclusive original jurisdiction over adoption proceedings." *State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809, ¶ 21.

**{¶ 5}** In addition, Caskey's claims are not cognizable in an extraordinary-writ case. *State ex rel. Nalls v. Russo*, 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522, ¶ 28 ("Prohibition will not issue as a substitute for appeal to review mere errors in judgment"); *State ex rel. Gaydosh v. Twinsburg*, 93 Ohio St.3d 576, 578, 757 N.E.2d 357 (2001) (appeal of an order denying intervention after a final judgment is an adequate remedy in the ordinary course of law that bars a writ of mandamus); *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, ¶ 28 (motion to intervene and appeal from any adverse judgment constituted an adequate remedy in the ordinary course of law that precludes a writ of mandamus); *McClellan v. Mack*, 129 Ohio St.3d 504, 2011-Ohio-4216, 954 N.E.2d 123, ¶ 2 (res judicata is not an appropriate basis for extraordinary relief, because it does not divest a trial court of jurisdiction to decide its applicability, and the denial of the defense of res judicata by the trial court can be adequately challenged by postjudgment appeal); *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142 (appeal in the ordinary course of law of a determination in an adoption proceeding that the natural father's consent to the adoption was not required); *In re Adoption of Baby Doe*, 9th Dist. No. 19279, 1999 WL 241379 (Apr. 14, 1999) (appeal in the ordinary course of law from a judgment determining that R.C. 3107.011 had been violated and that a person had been excluded as a prospective adoptive parent).

**{¶ 6}** Finally, the mere fact that Caskey's attempts thus far to raise these issues on appeal have been unsuccessful, *see In re J.T.F.*, 2d Dist. No. 12-CA-03, 2012-Ohio-2105, *appeal not accepted*, 132 Ohio St.3d 1517, 2012-Ohio-4021, 974 N.E.2d 114, does not thereby entitle her to the requested extraordinary relief.

*See State ex rel. Kingsley v. State Emp. Relations Bd.*, 130 Ohio St.3d 333, 2011-Ohio-5519, 958 N.E.2d 169, ¶ 22.

**{¶ 7}** Based on the foregoing, the court of appeals properly denied Caskey's request for extraordinary relief in prohibition and mandamus. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————————

Peterson & Peterson, L.L.C., and Robert K. Hendrix, for appellant.

Stephen K. Haller, Greene County Prosecuting Attorney, and Elizabeth A. Ellis, Civil Division Chief, for appellee.

————————————