THE STATE EX REL. VANNI ET AL., APPELLANTS, *v.* MCMONAGLE, JUDGE, APPELLEE.

[Cite as *State ex rel. Vanni v. McMonagle,* 137 Ohio St.3d 568, 2013-Ohio-5187.]

*Prohibition—Writ sought to prevent judge from hearing litigation— Jurisdictional-priority rule—Adequate remedy at law—Court of appeals' dismissal of complaint for writ affirmed.*

(No. 2013-0353—Submitted September 10, 2013—Decided December 3, 2013.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 99507, 2013-Ohio-500.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Eighth District Court of Appeals denying the request of appellants, Julian Vanni and Vanni & Associates, Inc. (collectively, "Vanni"), for a writ of prohibition against Cuyahoga County Common Pleas Court Judge Richard McMonagle.

**Background**

{¶ 2} The present case is the outgrowth of earlier litigation, *Kleem v. Southwest Sports Ctr., Inc.*, Cuyahoga C.P. No. CV-07-624066. *Kleem* involved a dispute over the valuation of certain real property. Kleem retained Vanni to appraise the property. The trial court entered judgment in favor of Kleem and against Southwest, and the court of appeals affirmed. *Kleem v. Southwest Sports Ctr., Inc.*, 8th Dist. Cuyahoga No. 92674, 2009-Ohio-3100.

{¶ 3} Some time thereafter, Southwest filed suit against Kleem and Vanni. *Southwest Sports Ctr., Inc. v. Kleem*, Cuyahoga C.P. No. CV-11-771733.

Southwest alleged that Vanni and Kleem had conspired to provide fraudulent testimony in the *Kleem* case.  The case was assigned to Judge McMonagle.

**{¶ 4}**  Vanni filed a complaint in the Eighth District Court of Appeals seeking a writ of prohibition to prevent Judge McMonagle from hearing the *Southwest* litigation.  Vanni argued that Judge McMonagle lacked jurisdiction based on the jurisdictional-priority rule, claim preclusion, and witness immunity.

**{¶ 5}**  The court of appeals sua sponte dismissed the case on the grounds that Judge McMonagle did not "patently and unambiguously" lack jurisdiction and that the relators had an adequate remedy in the ordinary course of law.  2013-Ohio-500, ¶ 10.[1]  Vanni timely appealed.

**Analysis**

**{¶ 6}**  To be entitled to the requested writ of prohibition, Vanni must establish that (1) the judge is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law.  *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18.  If the absence of jurisdiction is patent and unambiguous, a relator need not establish the lack of an adequate remedy at law.  *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

**{¶ 7}**  Judge McMonagle is undoubtedly about to exercise judicial power.  The question is whether Vanni has established any basis to question whether that exercise of jurisdiction is authorized by law.

---

1. Vanni objects to the appellate court's decision to dismiss the complaint sua sponte.  Sua sponte dismissal without prior notice is appropriate only if the complaint is frivolous or the claimant " 'obviously cannot prevail' " on the facts alleged in the complaint.  *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 11, quoting *McAuley v. Smith*, 82 Ohio St.3d 393, 395, 696 N.E.2d 572 (1998).  For the reasons discussed below, we find no error in the lower court's decision to act sua sponte.  *State ex rel. Sliwinski v. Burnham Unruh*, 118 Ohio St.3d 76, 2008-Ohio-1734, 886 N.E.2d 201, ¶ 19, 22.

*The jurisdictional-priority rule*

{¶ 8} The jurisdictional-priority rule provides that as between state courts of concurrent jurisdiction, the tribunal whose power is first invoked acquires exclusive jurisdiction to adjudicate the whole issue and settle the rights of the parties. *State ex rel. Dunlap v. Sarko*, 135 Ohio St.3d 171, 2013-Ohio-67, 985 N.E.2d 450, ¶ 9. The court of appeals held that the jurisdictional-priority rule did not deprive Judge McMonagle of jurisdiction to hear *Southwest* because that case does not involve the same parties as did the underlying *Kleem* case. 2013-Ohio-500, ¶ 6. We find that the jurisdictional-priority rule does not apply in this case for a more basic reason.

{¶ 9} The common pleas court's docket indicates that the trial court entered final judgment in the *Kleem* case on December 16, 2008, and that Southwest did not file the second suit until December 19, 2011.

{¶ 10} The jurisdictional-priority rule does not apply if the first action terminates before the second action commences. *State ex rel. Flower v. Rocker*, 52 Ohio St.2d 160, 162, 370 N.E.2d 479 (1977). In other words, "the jurisdictional priority rule requires that there be two cases *pending*." (Emphasis sic.) *Family Med. Found., Inc. v. Bright*, 10th Dist. Franklin No. 00AP-1476, 2001 WL 722103, *4 (June 28, 2001), *rev'd on other grounds*, 96 Ohio St.3d 183, 2002-Ohio-4034, 772 N.E.2d 1177; *see also Fronk v. Chung*, 11th Dist. Lake No. 98-L-079, 1999 WL 266571 (Apr. 30, 1999).

{¶ 11} For this reason, Vanni has not established that the jurisdictional-priority rule bars Judge McMonagle from exercising jurisdiction.

*Claim preclusion*

{¶ 12} Claim preclusion is a subset of the doctrine of res judicata. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). And res judicata is not a basis for prohibition because it does not divest a trial court of jurisdiction to decide its applicability. *McClellan v. Mack*, 129 Ohio St.3d 504,

2011-Ohio-4216, 954 N.E.2d 123, ¶ 2; *see also State ex rel. Caskey v. Gano*, 135 Ohio St.3d 175, 2013-Ohio-71, 985 N.E.2d 453, ¶ 5; *State ex rel. Hamilton Cty. Bd. of Commrs. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 111, 2010-Ohio-2467, 931 N.E.2d 98, ¶ 36.

*Witness immunity*

{¶ 13} Witnesses are absolutely immune from civil liability for defamatory remarks made during judicial proceedings. *Willitzer v. McCloud*, 6 Ohio St.3d 447, 448-449, 453 N.E.2d 693 (1983). However, "immunity is an affirmative defense, which must be raised and proven, i.e., it usually does not affect the jurisdiction of the court." *State ex rel. Koren v. Grogan*, 68 Ohio St.3d 590, 594, 629 N.E.2d 446 (1994).

{¶ 14} Ohio courts have applied this principle to a host of statutory and common-law immunities, including statutory sovereign immunity, *BCL Ents. v. Ohio Dept. of Liquor Control*, 77 Ohio St.3d 467, 471, 675 N.E.2d 1 (1997); political-subdivision immunity, *Ohio Bell Tel. Co. v. DiGioia-Suburban Excavating, L.L.C.*, 8th Dist. Cuyahoga Nos. 89708 and 89907, 2008 WL 802641, ¶ 13 (Mar. 27, 2008); common-law judicial immunity, *White v. Goldsberry*, 4th Dist. Athens No. CA-1525, 1992 WL 368801, *3 (Dec. 4, 1992); and charitable immunity, *Burke v. St. Raphael's Church*, 8th Dist. Cuyahoga No. 46673, 1983 WL 2773, *1 (Nov. 17, 1983); *see also Brown v. Lincoln Hts.*, 195 Ohio App.3d 149, 2011-Ohio-3551, 958 N.E.2d 1280, ¶ 16 (1st Dist.) (holding that recreational-user immunity under R.C. 1533.181 is a waivable affirmative defense).

{¶ 15} We agree with the appellate court that the defense of witness immunity is not a jurisdictional defect, but rather an affirmative defense that Vanni can and must present to Judge McMonagle in the first instance.

{¶ 16} Neither can Vanni show the absence of an adequate remedy at law. Vanni contends that seeking dismissal of the suit and appealing any adverse final

4

judgments are not adequate remedies because of the costs of litigation. However, "[a]ppeal following judgment is not rendered inadequate," such that a party may secure a writ of prohibition, "due to the potential time and expense involved." *State ex rel. Jackim v. Ambrose*, 118 Ohio St.3d 512, 2008-Ohio-3182, 890 N.E.2d 324, ¶ 6, citing *State ex rel. Abner v. Elliott*, 85 Ohio St.3d 11, 17, 706 N.E.2d 765 (1999).

**Conclusion**

{¶ 17} Because Judge McMonagle does not patently lack jurisdiction, and Vanni has an adequate remedy by way of appeal, the Eighth District Court of Appeals was correct to dismiss the prohibition action.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Toma & Associates, L.P.A., Inc., Timothy N. Toma, and Stephen S. Ellsesser, for appellants.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee.

_____