**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Smith v. Ohio State Univ.,* **Slip Opinion No. 2024-Ohio-764.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-764

SMITH, APPELLEE, *v.* OHIO STATE UNIVERSITY, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Smith v. Ohio State Univ.,* **Slip Opinion No. 2024-Ohio-764.]**

*Subject-matter jurisdiction—Affirmative defenses—Discretionary immunity—R.C. 2743.02—R.C. 2743.03—Under R.C. Chapter 2743, Court of Claims has subject-matter jurisdiction to hear suits brought against the state when the state has waived its sovereign immunity—The state has not waived its sovereign immunity when it acts pursuant to its highly discretionary legislative, judicial, executive, or planning functions—Discretionary immunity is a jurisdictional bar, not an affirmative defense, to suits brought against the state in Court of Claims—Court of appeals' judgment reversed and cause remanded to court of appeals.*

(No. 2023-0009—Submitted September 13, 2023—Decided March 6, 2024.)

APPEAL from the Court of Appeals for Franklin County,

No. 22AP-125, 2022-Ohio-4101.

_____

**KENNEDY, C.J.**

{¶ 1} In this discretionary appeal from a judgment of the Tenth District Court of Appeals, we consider whether discretionary immunity is a jurisdictional bar or an affirmative defense to suits brought against the state or its instrumentalities. We hold that the Court of Claims, the statutory body that has original jurisdiction over claims against the state, does not have such jurisdiction when discretionary immunity applies. We therefore reverse the judgment of the Tenth District regarding discretionary immunity and remand this matter to that court to determine whether Ohio State University is protected by discretionary immunity regarding its decisions in response to the COVID-19 pandemic—namely, to suspend in-person instruction, transition to virtual learning, restrict access to its campus, and provide limited refunds to students.

## I. Facts and Procedural Background

{¶ 2} In response to the COVID-19 pandemic, and for a portion of the spring 2020 semester, appellant, Ohio State University ("Ohio State"), suspended face-to-face instruction, transitioned to virtual learning, and restricted in-person access to its campus. Ohio State also provided pro rata refunds to students for the recreational fee and for room and board. However, pro rata refunds were not provided for the instructional fee, general fee, learning-technology fee, student-activity fee, student-union-facility fee, international-undergraduate-student fee, bus fee for the Central Ohio Transit Authority ("COTA"), program fees, course fees, and nonresident surcharges.

{¶ 3} Appellee, Brooke Smith, was a fourth-year student at Ohio State and enrolled in the College of Education and Human Ecology when Ohio State suspended in-person instruction. Smith filed a class-action complaint in the Court of Claims against the Ohio Department of Higher Education ("ODHE") and Ohio State, alleging breach of contract, unjust enrichment, and conversion. According to Smith, students "lost the benefit of the education for which they paid, and/or the

services for which their fees paid, without having their tuition and fees refunded to them" as a result of ODHE and Ohio State's decisions in response to the COVID-19 pandemic. Smith sought the "disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided."

{¶ 4} ODHE moved to dismiss the action. ODHE argued that it was not a proper defendant in the matter, because it did not operate any Ohio institution of higher education or collect any tuition or fees from students. In response, Smith voluntarily dismissed her claims against ODHE.

{¶ 5} Ohio State also moved to dismiss Smith's complaint but on the basis that Smith failed to state a claim. Ohio State did not reference discretionary immunity in its motion to dismiss. The Court of Claims denied Ohio State's motion to dismiss and ordered Ohio State to answer Smith's complaint. In its answer, Ohio State asserted discretionary immunity as an affirmative defense.

{¶ 6} Subsequently, Smith moved the Court of Claims to certify the case as a class action. In a footnote in her motion, Smith stated that she was no longer pursuing her conversion claim. Ohio State opposed Smith's motion for class certification and filed a motion for summary judgment on the issue of liability. The Court of Claims issued a decision granting Smith's motion for class certification and certifying the class as "all undergraduate students enrolled in classes at the Columbus campus of The Ohio State University during the Spring 2020 semester who paid tuition, the general fee, student activity fee, learning technology fee, course fees, program fees, and/or the COTA bus fee." Ohio State appealed that decision to the Tenth District Court of Appeals, *see* R.C. 2505.02(B)(5), and Ohio State's summary-judgment motion remains pending before the Court of Claims.

{¶ 7} On appeal, Ohio State asserted eight assignments of error challenging the Court of Claims' class certification. 2022-Ohio-4101, 200 N.E.3d 1249, ¶ 23. In two of its related assignments of error, Ohio State argued that the Court of Claims

failed to conduct a rigorous analysis under Civ.R. 23 regarding the common evidence of class-wide injury. In another of its assignments of error, Ohio State argued that the Court of Claims did not have jurisdiction over the matter, because Ohio State's "decision to temporarily close or restrict access to its facilities in the face of the COVID-19 pandemic" was protected by discretionary immunity. 2022-Ohio-4101 at ¶ 23.

{¶ 8} The court of appeals agreed with Ohio State that the class was improperly certified, finding that the Court of Claims failed to rigorously analyze the requirements for class certification. *Id.* at ¶ 48. However, the Tenth District did not agree with Ohio State that discretionary immunity was a jurisdictional bar; instead, the court held that discretionary immunity is an affirmative defense. *Id.* at ¶ 28-29. The court of appeals declined to decide in the first instance whether Ohio State was entitled to discretionary immunity as an affirmative defense. *Id.* at ¶ 30. The court of appeals determined that its decision regarding the Court of Claims' failure to rigorously analyze the requirements for class certification rendered moot the remaining assignments of error. *Id.* at ¶ 48.

{¶ 9} Ohio State appealed to this court only on the issue whether discretionary immunity is a jurisdictional bar or an affirmative defense. We accepted the following proposition of law for review: "The Court of Claims does not have subject matter jurisdiction to hear claims against the State that are subject to discretionary immunity." *See* 169 Ohio St.3d 1457, 2023-Ohio-758, 204 N.E.3d 565.

{¶ 10} We hold that discretionary immunity is a jurisdictional bar, not an affirmative defense, to suits brought against the state in the Court of Claims. We therefore reverse the judgment of the Tenth District regarding discretionary immunity and remand this matter to that court to determine whether discretionary immunity applies as a jurisdictional bar to Smith's suit against Ohio State.

4

## II. Law and Analysis

### A. Standard of Review

{¶ 11} Whether a trial court had subject-matter jurisdiction is a question of law that we review de novo. *State v. Hudson*, 169 Ohio St.3d 216, 2022-Ohio-1435, 203 N.E.3d 658, ¶ 19; *see also State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12.

### B. Sovereign Immunity and the Court of Claims

{¶ 12} Under the doctrine of sovereign immunity, "a state is not subject to suit in its own courts unless it expressly consents to be sued." *Proctor v. Kardassilaris*, 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 7. The Ohio Constitution as amended in 1912 allows "[s]uits [to] be brought against the state, in such courts and in such manner, as may be provided by law." Ohio Constitution, Article I, Section 16.

{¶ 13} This constitutional provision is "not self-executing," but rather, "legislative authority by statute is required as a prerequisite" to allowing suits against the state. *Raudabaugh v. State*, 96 Ohio St. 513, 518, 118 N.E. 102 (1917); *see also Krause v. State*, 31 Ohio St.2d 132, 285 N.E.2d 736 (1972), paragraph three of the syllabus ("statutory consent is a prerequisite"), *overruled in part on other grounds by Schenkolewski v. Cleveland Metroparks Sys.*, 67 Ohio St.2d 31, 426 N.E.2d 784 (1981). This court has also held that sovereign immunity may, consistent with this constitutional provision, be altered or abrogated judicially. *Schenkolewski* at paragraph one of the syllabus.

{¶ 14} Through the Court of Claims Act, R.C. 2743.01 et seq., the state waived sovereign immunity with respect to certain claims and consented to be sued and have its liability determined in the Court of Claims. Under R.C. 2743.03(A)(1), the Court of Claims "has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code." In addition to having jurisdiction over civil suits against the state

for money damages, the Court of Claims has jurisdiction over ancillary claims for injunctive or declaratory relief. *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.*, 62 Ohio St.3d 97, 103-104, 579 N.E.2d 695 (1991); *see also* R.C. 2743.03(A)(2) ("If the claimant in a civil action as described in [R.C. 2743.03(A)(1)] also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in [R.C. 2743.03(A)(1)], the court of claims has exclusive, original jurisdiction to hear and determine that claim in that civil action"). As used in R.C. Chapter 2743, " '[s]tate' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state." R.C. 2743.01(A). And under R.C. 2743.02(A)(1), the state "consents to be sued, and have its liability determined, * * * in accordance with the same rules of law applicable to suits between private parties."

{¶ 15} While the judiciary may abrogate the state's sovereign immunity, this court has held that the judiciary may also determine the outer limits of the statutory waiver of that immunity. "In *Reynolds v. State*[, 14 Ohio St.3d 68, 471 N.E.2d 776 (1984)], * * * this court squarely addressed the meaning of R.C. 2743.02(A)(1), [and] this court acknowledged that the state's potential liability under R.C. Chapter 2743 is not unbounded." *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 34. In particular, "this court rejected the notion that the General Assembly's abrogation of sovereign immunity in R.C. 2743.02 extended to essential acts of governmental decisionmaking." *Id.*, citing *Reynolds* at 70. In *Reynolds*, this court held:

The language in R.C. 2743.02 that "the state" shall "have its liability determined * * * in accordance with the same rules of law applicable to suits between private parties * * * " means that the

> state cannot be sued for its legislative or judicial functions or the
> exercise of an executive or planning function involving the making
> of a basic policy decision which is characterized by the exercise of
> a high degree of official judgment or discretion.

(Ellipses in original.) *Id.* at paragraph one of the syllabus.

{¶ 16} Therefore, the Court of Claims does not have jurisdiction when the state makes highly discretionary decisions pursuant to its legislative, judicial, executive, or planning functions, because the state has not waived its sovereign immunity for those decisions. Consequently, discretionary immunity is a jurisdictional bar, not an affirmative defense. *See State ex rel. Parker Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, 187 N.E.3d 526, ¶ 18. Because the Court of Claims does not have subject-matter jurisdiction when discretionary immunity applies, discretionary immunity cannot be waived and may be raised at any time. *See State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 10.

{¶ 17} It is important to note that discretionary immunity is not absolute. Once a discretionary decision has been made to engage in a certain activity, "the state may be held liable, in the same manner as private parties, for the negligence of the actions of its employees and agents in the performance of such activities." *Reynolds* at paragraph one of the syllabus; *see also Wallace* at ¶ 35. This means that when a suit challenges the manner in which the state implements one of its discretionary decisions, the Court of Claims will not be barred from hearing the case. *See Risner v. Ohio Dept. of Transp.*, 145 Ohio St.3d 55, 2015-Ohio-4443, 46 N.E.3d 687, ¶ 23.

### C. Subject-Matter Jurisdictional Bar Versus Affirmative Defense, in Practice

{¶ 18} " 'Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits' and 'defines the competency of a court to render

a valid judgment in a particular action.' " *Cheap Escape Co., Inc. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, ¶ 6, quoting *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). Subject-matter jurisdiction may never be waived and may be challenged at any time. *Mbodji* at ¶ 10. " '[I]n the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss.' " *Hudson*, 169 Ohio St.3d 216, 2022-Ohio-1435, 203 N.E.3d 658, at ¶ 22, quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 21.

{¶ 19} An affirmative defense is different than a subject-matter jurisdictional bar because an affirmative defense considers the pleadings and claims of the parties. *See Parker Bey*, 166 Ohio St.3d 497, 2022-Ohio-236, 187 N.E.3d 526, at ¶ 17-18. An affirmative defense " ' "admits that the plaintiff has a claim * * * but asserts some legal reason why the plaintiff cannot have any recovery on that claim * * *." ' " *Id.* at ¶ 18, quoting *State ex rel. Plain Dealer Publishing Co. v. Cleveland*, 75 Ohio St.3d 31, 33, 661 N.E.2d 187 (1996), quoting 1 Klein, Browne & Murtaugh, *Baldwin's Ohio Civil Practice*, Section T 13.03, 33 (1988). This means that any "defense that prevents a plaintiff * * * from even establishing a prima facie case is not an affirmative defense." *Id.* Unlike a lack of subject-matter jurisdiction, all affirmative defenses, other than those listed in Civ.R. 12(B), "are waived if not raised in the pleadings or in an amendment to the pleadings," *Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 20, 688 N.E.2d 506 (plurality opinion).

{¶ 20} The Tenth District erred by finding that Ohio State had not demonstrated that discretionary immunity is jurisdictional in nature. Based on this error, the court of appeals did not decide whether discretionary immunity applies to this case. Therefore, we remand this matter to the Tenth District to determine whether Ohio State is immune from suit in the Court of Claims regarding its decisions in response to the COVID-19 pandemic, including to suspend in-person

instruction, transition to virtual learning, restrict access to its campus, and provide pro rata refunds to students only for the recreational fee and for room and board.

### III. Conclusion

{¶ 21} Pursuant to R.C. Chapter 2743, the Court of Claims has subject-matter jurisdiction to hear suits brought against the state when the state has waived its sovereign immunity. The state has not waived its sovereign immunity when it acts pursuant to its highly discretionary legislative, judicial, executive, or planning functions. Therefore, discretionary immunity is a jurisdictional bar, not an affirmative defense, and the Court of Claims does not have subject-matter jurisdiction over suits brought against the state when discretionary immunity applies. Since the Tenth District Court of Appeals concluded that discretionary immunity was an affirmative defense and did not decide whether discretionary immunity applied in this case, we remand this matter to the Tenth District for it to determine whether discretionary immunity protects Ohio State from Smith's suit.

Judgment reversed
and cause remanded.

FISCHER, DEWINE, and DETERS, JJ., concur.

BRUNNER, J., dissents, with an opinion joined by DONNELLY and STEWART, JJ.

_____

**BRUNNER, J., dissenting.**

{¶ 22} Ohio's sovereign-immunity-waiver statutes allow people to bring actions against the state for liability and damages, determined in the same manner as in actions between private parties. *See* R.C. 2743.02(A)(1) and 2743.03(A)(1). Private parties generally do not engage in legislative or judicial functions. Thus, people are barred from bringing suit against the state for its decisions involving legislative or judicial functions. But the state may not necessarily be shielded from liability for injury or loss that occurs when it implements such decisions. The

statutes by which the state waives sovereign immunity do not bar the Court of Claims from hearing or deciding whether the state is immune from suit or liability. If that were the case, the mere raising of an immunity defense would negate that court's ability to act. Because the majority's decision, in effect, creates this kind of rubric, I respectfully dissent.

### Statutory basis for the Court of Claims' subject-matter jurisdiction

{¶ 23} Under statutory law, the Court of Claims has exclusive subject-matter jurisdiction over claims against the state for money damages. *See* R.C. 2743.02(A)(1) and 2743.03(A)(1); *see also Bla-Con Industries, Inc. v. Miami Univ.*, 12th Dist. Butler No. CA2006-06-127, 2007-Ohio-785, ¶ 12 (citing several cases in support of its statement that "the Court of Claims retains exclusive jurisdiction over complaints against the state seeking monetary damages"). Appellee, Brooke Smith, properly invoked the subject-matter jurisdiction of the Court of Claims when she filed her money-damages claim against appellant, Ohio State University ("Ohio State").[1] If following this court's remand the Tenth District Court of Appeals determines that Ohio State is entitled to discretionary immunity, its decision does not affect the subject-matter jurisdiction of the Court of Claims. Thus, even if the state is no longer a party or money damages are no longer sought, the Court of Claims has jurisdiction to resolve the case, because its subject-matter jurisdiction as defined by statutes permits it to render a valid judgment in the action before it. *See Nease v. Med. College Hosps.*, 64 Ohio St.3d 396, 399, 596 N.E.2d 432 (1992), quoting R.C. 2743.03(E)(2) (" 'The court may remand a civil action to the court in which it originated upon a finding that the removal petition does not justify removal, or upon finding that the state is no longer a party.' * * * The court

---

1. Under R.C. 2743.01(A), Ohio State meets the definition of "state" because it is a state instrumentality. *See Thacker v. Bd. of Trustees of Ohio State Univ.*, 35 Ohio St.2d 49, 51-52, 298 N.E.2d 542 (1973), *overruled in part on other grounds by Schenkolewski v. Cleveland Metroparks Sys.*, 67 Ohio St.2d 31, 426 N.E.2d 784 (1981).

is not required to remand the case upon a finding that the state is no longer a party" [emphasis sic]); *Cristino v. Ohio Bur. of Workers' Comp.*, Ct. of Cl. No. 2008-10773, 2013-Ohio-5936, ¶ 36, quoting *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972) ("Plaintiff has failed to provide support for the assertion that the Court of Claims can 'transfer' a case to a common pleas court when monetary damages are no longer sought. 'Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits * * * [and] defines the competency of a court to render a valid judgment in a particular action' ").

{¶ 24} Thus, when no state actor remains in the case or when money damages are no longer sought, a determination that immunity applies does not deprive the Court of Claims of jurisdiction. Moreover, the power to determine immunity is just one facet of the Court of Claims' jurisdiction, and when the state does not argue that immunity applies, the Court of Claims is not deprived of jurisdiction to adjudicate the merits of the action. *See In re K.K.*, 170 Ohio St.3d 149, 2022-Ohio-3888, 209 N.E.3d 660, ¶ 48, quoting *Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-Ohio-5220, 166 N.E.3d 1180, ¶ 14, quoting *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23 (explaining that subject-matter jurisdiction is *not* dependent on the rights of the parties in a particular case, but " 'instead, "the focus is on whether the forum itself is competent to hear the controversy" ' ").

### Discretionary immunity as an affirmative defense

{¶ 25} The state's argument that discretionary immunity applies should be treated as a belated affirmative defense that, even though pled in its answer, was neither timely argued nor proved in a trial court, as required. *See State ex rel. Koren v. Grogan*, 68 Ohio St.3d 590, 594, 629 N.E.2d 446 (1994); *State ex rel. Vanni v. McMonagle*, 137 Ohio St.3d 568, 2013-Ohio-5187, 2 N.E.3d 243, ¶ 13-15.

{¶ 26} The state's claim of immunity, a question of law, may be determined by a court of common pleas, by the Court of Claims, or by an appellate court

reviewing a lower court's decision. Common pleas courts and the Court of Claims are trial courts under provisions of the Ohio Constitution and the Revised Code. Ohio Constitution, Article IV, Section 4(B); R.C. 2743.03(A)(1) and (2). A court of common pleas may hear an action against the state for declaratory judgment or injunctive relief. *See* R.C. 2743.02(A)(1) ("To the extent that the state has previously consented to be sued, this chapter has no applicability"); R.C. 2743.03(A)(2). But a court of common pleas does not have subject-matter jurisdiction to adjudicate money-damages claims against the state, *see* R.C. 2743.03(A)(1), even though it may be able to determine whether a state entity is immune from suit or liability, *see* R.C. 2743.03(A)(2).

{¶ 27} The majority's decision today appears to relegate the determination of discretionary immunity to *only* courts of common pleas and appellate courts on review, even though the Revised Code specifically states that the Court of Claims has jurisdiction over all claims before it. So, under the majority's approach, the critical question at the outset is whether there is an unresolved issue of, in this case, discretionary immunity.

### The Court of Claims may determine its own jurisdiction

{¶ 28} Cloaking the question of discretionary immunity as "jurisdictional" does not mean that it is a jurisdictional question. If it did, the Court of Claims would not be permitted to determine its own jurisdiction. Yet the majority confuses the issue by remanding this case to the court of appeals, appearing to depart from the general jurisdictional grant of R.C. 2743.02 and 2743.03 in contravention of statutory law that the Court of Claims has "exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code." R.C. 2743.03(A)(1). What the majority opinion should not be read to say is that if there is even a whiff of an immunity argument, the Court of Claims has no jurisdiction to decide that question, even though it and each and every other court is imbued with the power to determine its

12

own jurisdiction. *See State ex rel. Ohio Bur. of Workers' Comp. v. O'Donnell*, 172 Ohio St.3d 407, 2023-Ohio-428, 224 N.E.3d 1057, ¶ 8, quoting *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5 ("Thus, '[i]n the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction' " [brackets sic]). The statutory language is clear that an immunity question may be determined by the Court of Claims. If the immunity question has been determined by another court, such as on removal under R.C. 2743.03(E), the case comes to the Court of Claims with that question having already been decided. The statute continues to describe the broad powers of the Court of Claims:

> The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims.
>
> If the claimant in a civil action as described in division (A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the Court of Claims has exclusive, original jurisdiction to hear and determine that claim in that civil action.

R.C. 2743.03(A)(1) and (2). The statute creating the Court of Claims promotes flexibility, and hence judicial economy and fair process, by permitting entire actions, including the issue of discretionary immunity, to be decided in one action by the Court of Claims. Finally, if there had ever been any caselaw before now holding that discretionary immunity was jurisdictional, there would be a plethora

of decisions from the Court of Claims considering the issue sua sponte, because every court holds a duty to ensure it has jurisdiction to hear the claims before it.

{¶ 29} In short, I do not want the majority's decision today to create confusion and render the statute inoperable or to in effect cause nearly every action that is brought in the Court of Claims to be subject to dismissal at the moment the state raises the defense of discretionary immunity. Nor do I want litigants and their lawyers who would have filed a comprehensive set of claims the first instance in the Court of Claims to feel compelled to instead first file a declaratory-judgment action in a court of common pleas for a determination whether discretionary immunity exists under the law. Otherwise, it is highly likely that direct appeals of the immunity question would ensue, resulting in the case dragging on in the courts for years. And I do not want to see cases that are meritorious ultimately fail when they are finally brought before the Court of Claims on their merits because of statute-of-limitations or statute-of-repose bars. *See, e.g.*, *Everhart v. Coshocton Cty. Mem. Hosp.*, __ Ohio St.3d __, 2023-Ohio-4670, __ N.E.3d __. This could occur because common pleas courts and courts of appeals appear limited in their ability to remove a plaintiff's case to the Court of Claims. *See Adams v. Cox*, 10th Dist. Franklin No. 09AP-684, 2010-Ohio-415, ¶ 11-12 (holding that a court of common pleas had no authority to transfer a plaintiff's case to the Court of Claims under R.C. 2743.03(E), which is the sole mechanism for removal); R.C. 2743.03(E)(1) (allowing for removal to the Court of Claims only when a third-party complaint or counterclaim is filed against the state in an action commenced in any court other than the Court of Claims and requiring the timely filing of a petition for removal to the Court of Claims). Thus, without a "transfer" or "removal" of a case, any new case filed in the Court of Claims uses the date of the filing in that court for the purposes of statutes of limitations and repose.

{¶ 30} Many cases brought before the Court of Claims involve serious personal injury or death allegedly caused by wanton and reckless actions of the

state or by medical malpractice. Issues of immunity that may affect the jurisdiction of the Court of Claims should therefore be raised—and decided—at the earliest possible point in litigation, as part of the action on the merits and not in a bifurcated process between two courts.

### Remand should be to the Court of Claims

{¶ 31} While Ohio State asserted discretionary immunity as an affirmative defense in its answer, the Court of Claims did not consider whether discretionary immunity applied, because Ohio State did not argue the doctrine in its motion to dismiss or in its motion for summary judgment. Determining whether discretionary immunity applies could have been the subject of a motion for judgment on the pleadings or summary judgment, but, again, the issue was not considered by the Court of Claims.

{¶ 32} When discretionary immunity is timely raised, discovery and evidence are often required to determine whether it applies, making it more likely than not a mixed question of fact and law. When discretionary immunity is not timely raised and is instead raised at the appellate level, the matter should be remanded to the Court of Claims, or other appropriate trial court, for it to oversee the discovery process, make evidentiary rulings, and ultimately determine the immunity issue.

{¶ 33} The Court of Claims, which has expertise developed from years of litigation on the specific issue of the state's waiver of immunity, is best suited for the immunity issues raised by the state here. The purpose of the statutes by which the state waives its sovereign immunity should not be defeated by a reading that all questions of the state's immunity are jurisdictional and not able to be determined by the Court of Claims. This case is an outlier, one arising from the rare occurrence of a worldwide pandemic. It appears that the majority reached its conclusions on jurisdiction because this is one of those unicorns. Its holding should not be universally applied. Otherwise, egregious situations caused by the state would go

unchecked, despite the existence of specific statutes by which the state waives sovereign immunity.

**Common-law immunity versus statutory immunity**

{¶ 34} It is concerning that the majority declares that this court may alter or abrogate the immunity provisions prescribed by the General Assembly. Majority opinion, ¶ 13. This is not correct law, statutorily or constitutionally. Perhaps what the majority means is that it can do so in the context of common law when discretionary immunity is being raised by the state for the first time on appeal. And perhaps this is a situation when the court is trying to do its job as a keeper of the common law.

{¶ 35} The case the majority relies on, *Schenkolewski v. Cleveland Metroparks Sys.*, 67 Ohio St.2d 31, 426 N.E.2d 784 (1981), explains that courts can set the bounds of the *common-law* doctrine of sovereign immunity, *id.* at paragraph one of the syllabus, which is not at issue here. And in my view, the majority is using *Schenkolewski* to wedge this unicorn case into some kind of caselaw category that will help it solve the unusual problems presented here. But *Schenkolewski* implies that both the judiciary and the legislature may simultaneously "provide" the laws governing suits against the state. *Id.* at 35 (noting that Article I, Section 16 of the Ohio Constitution "provides simply that suits may be brought against the state as may be provided by law" but does not explain which branch of government is to do the providing). For clarity's sake, *Schenkolewski* is a case involving the application of common-law sovereign immunity to a municipal-park district, not the state, *id.* at 31-32, and at least one appellate court has recognized that *Schenkolewski* has no applicability in determining questions related to statutory immunity, *see R.K. v. Little Miami Golf Ctr.*, 2013-Ohio-4939, 1 N.E.3d 833, ¶ 10 (1st Dist.).

**Determining discretionary immunity**

{¶ 36} Elementally, the state's consent to be sued is explicit in statutes establishing and governing the Court of Claims, specifically, R.C. 2743.02 and 2743.03. The state's waiver of sovereign immunity in R.C. 2743.02(A)(1) is general, and the determination of liability is "subject to the limitations set forth" in R.C. Chapter 2743. Specifically reserved within R.C. Chapter 2743 is the state's immunity from liability for matters that relate to "the performance or nonperformance of a public duty," R.C. 2743.02(A)(3)(a), except when a "special relationship" exists between the injured party and the state, R.C. 2743.02(A)(3)(b). Ohio State has not asserted that public-duty immunity under R.C. 2743.02(A)(3)(a) applies here. Immunity must be raised and proved, and a general assertion of immunity does not divest the Court of Claims of jurisdiction. *See Vanni*, 137 Ohio St.3d 568, 2013-Ohio-5187, 2 N.E.3d 243, at ¶ 13-14.

{¶ 37} The majority misapplies *Reynolds v. State*, 14 Ohio St.3d 68, 471 N.E.2d 776 (1984) ("*Reynolds*"), in reaching its conclusion that discretionary immunity is a jurisdictional bar. *See* majority opinion at ¶ 15-16. In *Reynolds*, we interpreted statutory language waiving sovereign immunity that is contained in R.C. 2743.02. That language requires that the state shall "have its liability determined * * * in accordance with the same rules of law applicable to suits between private parties." R.C. 2743.02(A)(1). We explained that this language means that the state cannot be sued for the exercise of its legislative or judicial functions or its exercise of an executive or planning function involving the making of a basic policy decision that requires the exercise of a "high degree of official judgment." *Reynolds* at paragraph one of the syllabus.

{¶ 38} But that interpretation has little application here. And although Ohio State was not exercising legislative or judicial functions when it suspended in-person classes or closed certain facilities during the COVID-19 pandemic, it may have been exercising executive function involving a basic policy decision requiring

a "high degree of official judgment." However, Smith is not challenging the university's *decisions*. She is seeking reimbursement for the *effects* of Ohio State's decisions. Smith claims that she did not get what she paid for, and that is the sum and substance of her claim for money damages. Thus, as in *Reynolds*, Smith may seek money damages that arose from Ohio State's decisions, even though she may not challenge the propriety of those decisions.

{¶ 39} In *Reynolds*, the issue was whether the plaintiffs could maintain their claims for money damages against the state, even if the decision that caused the money damages was barred from suit. We said they could. *Id.* at 70-71. We first concluded that the plaintiffs failed to state a claim insofar as they were attempting to challenge the state's *decision* to furlough a prisoner under state law. *Id.* at 70. We established, however, that while discretionary immunity, if applicable, makes immune from suit the *decision* of the state, it does not shield the state from liability for an injury or loss that occurs in implementing that decision. *Id.* at 70-71. We said that a cause of action could be maintained against the state for personal injuries proximately caused by the failure to confine the furloughed prisoner during nonworking hours pursuant to R.C. 2967.26(B), because such a failure to confine is negligence per se. *Id.* at 70. We therefore determined that the Court of Claims' dismissal of the plaintiffs' action was reversible error, and we remanded the matter to the Court of Claims. *Id.* at 71.

{¶ 40} In *Reynolds*, on remand, the Court of Claims reviewed the evidence of the state's conduct following its decision to furlough the prisoner and found the state liable for the plaintiffs' injuries, ordering the state to pay money damages to the plaintiffs. *Reynolds v. Div. of Parole & Community Servs.*, 23 Ohio Misc.2d 31, 39, 492 N.E.2d 172 (Ct. of Cl.1985). Importantly, in *Reynolds*, the state moved for summary judgment in the Court of Claims, arguing that it was entitled to judgment as a matter of law. *See Reynolds v. State*, 10th Dist. Franklin No. 83AP-

348, 1983 WL 3745, *1 (Oct. 27, 1983), *rev'd*, *Reynolds*, 14 Ohio St.3d 68, 471 N.E.2d 776.

{¶ 41} *Reynolds* does not support any conclusion that discretionary immunity is a jurisdictional bar or that it can be raised for the first time on appeal. Even if *Reynolds* could be read to imply that discretionary immunity is a jurisdictional bar, its holding applies only to claims made against the decision giving rise to the injury or loss and not to the injury or loss that may have occurred as a result of that decision being implemented once decided. Thus, the state could be entitled to immunity in *making its decision*, but under *Reynolds*, claims for money damages survive for the purposes of adjudication. Consequently, the majority's use of *Reynolds* to support its conclusion that discretionary immunity is an all-encompassing jurisdictional bar is a misapplication of *Reynolds*, majority opinion at ¶ 15-16.

## Conclusion

{¶ 42} Whether raised in boiler-plate language in the answer with no further argument before the Court of Claims or thereafter argued for the first time in the court of appeals, Ohio State's assertion of discretionary immunity is without merit. No amount of cloaking Ohio State's discretionary-immunity defense with the import of being a jurisdictional issue saves it from waiver, because neither the statutes nor caselaw support the conclusion that the immunity question, itself, is jurisdictional. When the legal determination of discretionary immunity may turn on evidence, it is even more important for discretionary immunity to be raised before a trial court and not the first time before a court of appeals. The Court of Claims should determine whether immunity exists, and the court of appeals should determine whether the Court of Claims' decision is correct under the law.

{¶ 43} A hard-and-fast rule that discretionary immunity or the determination of any type of immunity is a jurisdictional question could thwart the state's limited waiver of sovereign immunity set forth in R.C. Chapter 2743 and

thereby undermine the Court of Claims' ability to address claims such as Smith's (i.e., claims that the Court of Claims may hear according to *Reynolds*). Our review of these issues should not advance any limitation to the state's consent to be sued beyond what is provided in the Revised Code or beyond how we have fairly applied the sovereign-immunity-waiver statutes under common law. No general statement that sovereign immunity may be "altered or abrogated judicially," majority opinion at ¶ 13, creates such power. Accordingly, this court should not make the broad and unlimited statement that discretionary immunity is a jurisdictional bar; if we do, we gut sovereign immunity without having any statutory or constitutional authority to do so.

{¶ 44} For these reasons, I disagree with the majority's conclusion that discretionary immunity is a jurisdictional bar to suits brought against the state in the Court of Claims. Ohio State should have done more than assert discretionary immunity as a boiler-plate defense in its answer. It should have argued the issue before the Court of Claims. Having failed to do so, this case should be remanded to the Court of Claims to fairly address any necessary evidentiary issues related to Ohio State's belated defense of discretionary immunity. Accordingly, and for the reasons expressed in this separate opinion, I respectfully dissent.

DONNELLY and STEWART, JJ., concur in the foregoing opinion.

_____

Climaco Wilcox Peca & Garofoli Co., L.P.A., and Scott D. Simpkins; and Bursor & Fisher, P.A., and Joshua D. Arisohn, for appellee.

Squire Patton Boggs (U.S.), L.L.P., John R. Gall, Traci L. Martinez, Christopher F. Haas, E. Joseph D'Andrea, Elizabeth P. Helpling, and Roger M. Gold, for appellant.

_____